## A95A0696. ENGLISH v. DELBRIDGE.
(454 SE2d 175)

McMURRAY, Presiding Judge.

Plaintiff P. T. Delbridge, Jr., brought an action on account against defendant Frank English in the Magistrate Court of Tift County, Georgia, alleging that English owed him $2,000 pursuant to a contract to provide siding to defendant's home. Defendant answered and counterclaimed for breach of contract, alleging that plaintiff's "sloppy [and] poor workmanship [required] extra expense to complete [the] job. . . ." His counterclaim (in the nature of set-off) demanded $1,284. The magistrate found that plaintiff failed to carry his burden of proof and plaintiff appealed to the Superior Court of Tift County, Georgia. After a trial de novo, the jury returned a verdict for plaintiff, awarding him $1,650 plus costs. Proceeding pro se, defendant filed this direct appeal. *Held:*

"Appeals from decisions of the superior courts reviewing decisions of . . . lower courts by certiorari or de novo proceedings . . ." shall be by application for discretionary appeal. OCGA § 5-6-35 (a) (1), (b). "The clear intent of section (a) (1), above, was to give the appellate courts (particularly the Court of Appeals . . .) the discretion not to entertain an appeal where the superior court had reviewed a decision of certain specified lower tribunals (i.e., two tribunals had already adjudicated the case)." *C & S Nat. Bank v. Rayle*, 246 Ga. 727, 730 (273 SE2d 139). In the case sub judice, the judgment of the superior court entered on the jury verdict after a trial de novo represents review of lower court proceedings, i.e., the judgment of the magistrate court, and requires an application to this court for permission to pursue a discretionary appeal. Moreover, this final judgment awards contractual damages in an amount less than $10,000, and so would require an application for discretionary appeal pursuant to OCGA § 5-6-35 (a) (6). " 'Because the appeal to this Court is taken from the decision of a [superior] court reviewing a decision of a magistrate court by a de novo proceeding involving a subject matter not otherwise subject to a right of direct appeal, the discretionary appeal procedures of OCGA § 5-6-35 were required and this appeal must be dismissed. (Cit.); OCGA § 5-6-35 (a) ([1]).' *Lewis v. Barclays American/Mortgage Corp.*, 204 Ga. App. 227 (419 SE2d 538) (1992)." *Crowder v. Citizens Trust Bank*, 213 Ga. App. 477 (444 SE2d 853).

*Appeal dismissed. Andrews and Blackburn, JJ., concur.*

DECIDED FEBRUARY 10, 1995 —
RECONSIDERATION DENIED FEBRUARY 22, 1995.

Frank English, *pro se.*
P. T. Delbridge, Jr., *pro se.*

