A97A0616. CONGRESS RE-INSURANCE CORPORATION, INC. et al. v. ARCHER-WESTERN CONTRACTORS, LTD.
(487 SE2d 679)

SMITH, Judge.

In this case, a subcontractor and its surety (the issuer of performance and payment bonds) appeal from judgments entered against them in a third-party action brought by the general contractor, which was sued by a materialman of the subcontractor. We conclude that the trial court correctly entered a default judgment against the subcontractor and granted summary judgment against the subcontractor's surety, and we therefore affirm.

The record shows that Archer-Western Contractors, Ltd. entered into a contract with the Georgia Department of Transportation for the construction of a transportation management center in Atlanta. Archer subcontracted with Hawkins & Associates Construction Management Group for masonry work. Congress Re-Insurance Corpora-

tion, Inc. issued payment and performance bonds to Hawkins listing Archer as obligee.

Humphries Concrete Block Company supplied materials to Hawkins for use on the project. When Hawkins refused to pay for the materials, Humphries brought an action under Georgia's "Little Miller Act" against Archer and Archer's surety. OCGA §§ 36-82-101 through 36-82-104. Archer then filed this third-party action against Hawkins and Hawkins's surety, Congress, alleging that the third-party defendants were liable to it for any amounts for which it might be liable to Humphries.[1]

In the third-party action, Archer alleged that Congress was a foreign corporation not authorized to transact business in Georgia but engaged in the business of surety insurance in this state. Because Congress did not have a business office in Georgia, Archer served Morgan Insurance Group, Inc. on behalf of Congress, alleging that Morgan was Congress's agent for service pursuant to OCGA § 33-5-54 because Morgan solicited, made, issued, and delivered surety insurance contracts in Georgia, received premiums and assessments therefor, and was an agent of Congress. Within ten days, Archer mailed a copy of the third-party complaint and summons to Congress. It then filed an affidavit of compliance pursuant to the statute. Id. Hawkins was personally served.

A response to the third-party complaint was filed by Congress's president, Mohamed Zayed II, acting pro se, in which Congress raised defenses of venue, insufficiency of service of process, and prematurity of the action. In the answer, Congress appears to characterize Morgan as a "consultant" and Congress as a "non-insurance surety" and to deny that Morgan solicited "insurance" on behalf of Congress and that Congress was in the business of surety insurance in Georgia. Zayed alleged that Congress was not amenable to service under OCGA § 33-5-54. In response, Archer again served Congress, this time under the provisions of the Georgia Long Arm Statute, OCGA § 9-10-94.

Hawkins did not file a response to Archer's third-party complaint, and Archer took a default judgment against Hawkins. Shortly thereafter, Archer moved for summary judgment against Congress. The motion was granted, and judgment was entered against Congress.

1. This appeal purports to be on behalf of both Congress and Hawkins. In fact, Hawkins contends in the first enumeration of error that the trial court erred in entering a default judgment against it

---

[1] Humphries's action against Archer was dismissed with prejudice after the filing of the third-party complaint.

when it had "answered" the third-party complaint. But it is clear for several reasons that the "answer" referred to was filed only on behalf of Congress.

First, the answer itself so states: "Now comes the third party defendant, *Congress Re-Insurance Corporation, Inc.*, a non-insurance surety, by and through its president Mr. Mohamed Khairy Mohamed Zayed, II, pro se and pursuant to OCGA § 9-11-4 (c) and other pertinent rules of civil procedure answer [sic] the same." (Emphasis supplied.) The answer ends by stating that it is "respectfully submitted" on behalf of Congress by its president, Zayed, acting pro se.

Second, regardless of the content or purpose of the document filed, Zayed was not legally permitted to file an answer on behalf of Hawkins. "Only a duly licensed attorney may answer a complaint for a person who does not appear pro se. OCGA § 15-19-51 (a)." *Keith v. Alexander Underwriters &c.*, 219 Ga. App. 36, 38 (463 SE2d 732) (1995). After the date of publication in the advance sheets of the Supreme Court's decision in *Eckles v. Atlanta Technology Group*, 267 Ga. 801 (485 SE2d 22) (1997), a non-lawyer may represent a corporation only in a court that is not a court of record. Before that date, representation of a corporation "pro se" by its "chairman" or other appropriate agent was permitted under the holdings of several cases. See, e.g., *Universal Scientific v. Wolf*, 165 Ga. App. 752 (1) (302 SE2d 616) (1983); *Knickerbocker Tax Systems v. Texaco*, 130 Ga. App. 383 (203 SE2d 290) (1973); *Dixon v. Reliable Loans*, 112 Ga. App. 618 (145 SE2d 771) (1965).[2] But an individual non-lawyer totally unrelated to the corporation was never permitted to represent that corporation "pro se."

Because Zayed could not and did not represent Hawkins when he filed an answer on behalf of Congress, Hawkins was in default when the trial court entered a default judgment against it. This was not error.

Hawkins did not file a timely notice of appeal from the default judgment and did not seek to set aside the judgment in the trial court. It may not now appeal that judgment.

2. Because no timely appeal was taken from the default judgment, Congress's claims with regard to that judgment are also without merit. Moreover, although Congress now complains it received no notice of the hearing on the motion for default judgment, the record reflects that it was served with notice of the motion almost two months prior to the hearing. The record does not show that Congress made any objection to the entry of default judgment below. This issue may not be raised for the first time on appeal.

---

[2] These cases were overruled by *Eckles*.

3. Congress next asserts that the trial court lacked personal jurisdiction over it for a variety of reasons.

(a) Congress maintains it was not subject to service under OCGA § 33-5-54 because it is not an "insurance surety." But Georgia law makes no distinction between "insurance" and "non-insurance" sureties. The issuance of payment and performance bonds is expressly defined as surety insurance pursuant to OCGA § 33-7-7 (2), which provides that surety insurance includes "[i]nsurance guaranteeing the performance of contracts *other than insurance policies. . . .*" (Emphasis supplied.) It is true that a contract for reinsurance is not included in the definition of surety insurance because it is "[a] contract by which an insurer procures a third person to insure him against loss or liability by reason of original insurance." Black's Law Dictionary 1287-1288 (6th ed. 1990). But despite the implication created by Congress's name, the record in this case shows that Congress did not issue a policy of reinsurance; it issued bonds guaranteeing performance and payment by Hawkins. As a surety insurer, Congress was subject to service under OCGA § 33-5-54.

(b) Because Congress was subject to service under OCGA § 33-5-54 and was served under that statute, we need not address Congress's contentions with regard to service under the Georgia Long Arm Statute.

(c) Although Congress claimed in its answer that venue was improper and that proper venue was in federal court, other issues of personal jurisdiction were not raised below and may not be raised in this appeal. As to venue, the issue raised addresses subject-matter jurisdiction rather than personal jurisdiction. But the only venue issue raised by Congress in its appeal addresses an entirely different question: whether venue was improper in Gwinnett County for the third-party action because of the dismissal of the underlying action. A defense of improper venue is waived unless raised in the answer or by motion. OCGA § 9-11-12 (b) (3) and (h) (1) (B).

(d) The same is true of Congress's remaining contentions regarding the insufficiency of service of process.

4. Congress contends that the evidence presented by Archer in support of its motion for summary judgment was simply conclusory and was an insufficient basis for the judgment. On motion for summary judgment, the movant has the initial burden of showing that no genuine issue of fact remains and that it is entitled to judgment as a matter of law. "Once the movant has made a prima facie showing that it is entitled to judgment as a matter of law, the burden shifts to the respondent to come forward with rebuttal evidence." (Citation omitted.) *Ellis v. Curtis-Toledo, Inc.*, 204 Ga. App. 704, 705 (2) (420 SE2d 756) (1992).

In support of its motion, Archer submitted the affidavit of Joseph

Appleton, project manager for the project. The affidavit set forth facts sufficient to establish Congress's liability. Congress did not respond to Archer's motion for summary judgment. It cannot complain now that the unrebutted evidence submitted by Archer in support of its motion was incorrect.

5. Finally, Congress disputes the amount of the judgment. Judgment was entered in the amount of $977,569.10. OCGA § 9-12-13 and Georgia case law interpreting the statute limit recovery against sureties to no more than the penalty on the bond. *Westbrook v. Moore*, 59 Ga. 204, 206 (1877). These bonds were written to guaranty payment of the penal amount of the bonds, i.e., $712,049. Archer concedes that although it may recover either the 25 percent penalty for bad faith or attorney fees and expenses of litigation, it may not recover both. Recovery of *both* was unauthorized.

Contrary to Congress's contention, however, the proper remedy for this error is not reversal of the judgment. Because Archer may not recover the penalty amount and also recover costs and attorney fees, the correct remedy is to write off the unauthorized portion of the judgment. We therefore affirm the judgment with the direction that upon receipt of the remittitur, the superior court write off the unauthorized portion of the judgment — either the penalty or the award of attorney fees and expenses of litigation; otherwise the judgment is reversed. See *Bearden v. City of Austell*, 212 Ga. App. 398, 401 (4) (441 SE2d 782) (1994).

*Judgment affirmed on condition. McMurray, P. J., and Beasley, J., concur.*

DECIDED JUNE 16, 1997.

Before Judge Oxendine.

*Theresa K. Read*, for appellants.

Mohamed K. M. Zayed, *pro se.*

Candice Hawkins, *pro se.*

*Moye, O'Brien, O'Rourke, Hogan & Pickert, Nathan E. Minear*, for appellee.