## A99A1630. RAY M. WRIGHT, INC. v. JONES et al.

### (521 SE2d 456)

SMITH, Judge.

This appeal is before us on the motion of appellees Robert Jack Jones and Jo Jones to dismiss for lack of jurisdiction. Because appellant Ray M. Wright, Inc. failed to follow the requirement of OCGA § 44-7-56 that an appeal be filed within seven days of the entry of judgment, its notice of appeal is untimely and we therefore lack jurisdiction to consider this appeal.

This action grew out of a dispute between a homebuilder and its dissatisfied customers. Ray M. Wright, Inc. filed this action in Muscogee Superior Court as a dispossessory proceeding seeking to evict the Joneses from a house it built for them. In August 1997, the Joneses answered and counterclaimed for breach of contract, specific performance, intentional infliction of emotional distress, and attorney fees. In October 1997, on Wright's motion, the trial court ordered that the Joneses pay arrears of rent and continue to pay rent into the registry of the court on a monthly basis. Wright continued to request

and obtain the release of funds on a monthly basis throughout this litigation.

The contract between the parties contained an arbitration clause, and the Joneses successfully moved for an order compelling arbitration. The Joneses continued to pay rent into court, and Wright continued to collect it, after arbitration was ordered. The arbitration award resolved the dispute between the parties regarding the contract price for construction and continued the payment of rent pending completion of remedial work on the house. The award later was modified to suspend the payment of rent if the remedial work was not completed within a specified time. The superior court confirmed the arbitration award on February 5, 1999, and Wright filed its notice of appeal on March 4, 1999.

Article 3, Chapter 7 of Title 44 governs dispossessory proceedings. OCGA § 44-7-56 provides, in pertinent part: "Any judgment by the trial court shall be appealable pursuant to Chapters 2, 3, 6, and 7 of Title 5, provided that any such appeal shall be filed within seven days of the date such judgment was entered."[1] Wright's notice of appeal is untimely under this Code section.

Wright contends in response to the Joneses' motion that this action is no longer a dispossessory proceeding but an appeal of an order confirming an arbitration award and that the time limitation of OCGA § 44-7-56 therefore should not apply. We disagree.

The Supreme Court of Georgia, in another context, has stated plainly that "the underlying subject matter generally controls over the relief sought in determining the proper procedure to follow to appeal." *Rebich v. Miles*, 264 Ga. 467, 469 (448 SE2d 192) (1994). In *Rebich*, the Supreme Court dismissed a direct appeal from denial of a writ of mandamus where the underlying subject matter (appeal from an administrative decision) was subject to discretionary review, even though a writ of mandamus ordinarily may be appealed directly. Similarly, in *Self v. Bayneum*, 265 Ga. 14 (453 SE2d 27) (1995), the Supreme Court dismissed an appeal of the denial of a petition for writ of prohibition because the orders complained of arose in a divorce case and the underlying subject matter, divorce, was subject to the discretionary appeal procedure. This principle is equally applicable to an action based on a dispossessory warrant, even if a remedy such as arbitration is also sought.

Moreover, the applicable Code section is not limited in scope to a particular type of judgment. It simply provides that "any judgment" must be appealed within seven days. If the legislature had intended

---

[1] This Code section was amended in 1998 to change the time for appeal from ten to seven days. Ga. L. 1998, p. 1380, § 4.

to limit the scope of OCGA § 44-7-56 strictly to appeals of a writ of possession, it would have done so. "It is a fundamental rule of statutory construction that where the language of a statute is plain and unambiguous, the terms used therein should be given their common and ordinary meaning." (Citations and punctuation omitted.) *Sledge v. Employees' Retirement System &c.*, 196 Ga. App. 597, 598 (396 SE2d 550) (1990). The intention of the legislature in enacting OCGA § 44-7-56 is also entirely consistent with the intention of the parties as expressed in the arbitration clause. Both provisions are intended to expedite litigation and resolve the disputes between the parties without delay.

Finally, not only did this action begin as a dispossessory proceeding instituted by Wright, but Wright continued to rely upon the provisions of the dispossessory statutes throughout the litigation. The monthly payment of rent into the registry of the court and the release of that money on request to the landlord are governed by OCGA § 44-7-54. Wright sought and obtained that remedy and continued to receive its benefits after the Joneses filed their answer. Provision for rent was also made part of the arbitration award. Wright cannot reasonably expect to reap the benefits of the dispossessory statutes without also being subject to their requirements and limitations.

> OCGA § 44-7-56 provides that any judgment in a landlord/tenant case shall be appealable, provided that any such appeal shall be filed within [seven] days of the date such judgment was entered. The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court.

(Citations and punctuation omitted.) *Lewis v. Countrywide Funding Corp.*, 225 Ga. App. 440 (484 SE2d 66) (1997). Wright's notice of appeal was filed almost 30 days after entry of judgment and is untimely. Accordingly, we are without jurisdiction to consider this case, and it must be dismissed.

*Appeal dismissed. Pope, P. J., and Miller, J., concur.*

DECIDED AUGUST 5, 1999

*Buchanan & Land, Jerry A. Buchanan, Hatcher, Stubbs, Land, Hollis & Rothschild, James E. Humes II, Teri Y. Callahan*, for appellant.

*Kilpatrick Stockton, Raymond L. Mann III*, for appellees.