# Court of Appeals
# of the State of Georgia

ATLANTA, February 22, 2013

*The Court of Appeals hereby passes the following order:*

## A13A1147, A13A1148.  ABDUL MALIK CHESTNUT v. CITIMORTGAGE, INC.

CitiMortgage, Inc. filed a dispossessory action against Abdul Malik Chestnut in magistrate court.  After the magistrate court issued a writ of possession in favor of CitiMortgage, Chestnut appealed to superior court.  The superior court granted judgment in favor of CitiMortgage and issued a writ of possession.  Chestnut filed a notice of appeal to this Court.  On December 11, 2012, the superior court dismissed Chestnut's notice of appeal.  Chestnut filed a motion to dissolve the writ of possession.  On December 19, 2012, the trial court denied that motion.  In Case No. A13A1147, Chestnut appeals the order dismissing his notice of appeal.  In Case No. A13A1148, he appeals the order denying his motion for dissolution.  We lack jurisdiction.

With respect to Case No. A13A1147, a trial court's order dismissing a properly filed direct appeal is, itself, subject to a direct appeal. *American Medical Security Group v. Parker*, 284 Ga. 102, 103 (2) (663 SE2d 697) (2008).  Chestnut, however, had no right of direct appeal from the judgment entered against him in superior court. Because the superior court's order disposed of a de novo appeal from a magistrate court decision, Chestnut was required to follow the discretionary appeal procedures. See OCGA § 5-6-35 (a) (1); *English v. Delbridge*, 216 Ga. App. 366, 367 (454 SE2d 175) (1995).

Even if Chestnut could directly appeal the dismissal of his notice of appeal, his appeal is untimely.  See OCGA § 44-7-56 (providing that an appeal from any dispossessory judgment must be filed within seven days of the date the judgment was

entered); *Ray M. Wright, Inc. v. Jones*, 239 Ga. App. 521 (521 SE2d 456) (1999). Here, Chestnut's notice of appeal was filed 13 days after entry of the superior court's order dismissing his appeal.

With respect to Case No. A13A1148, Smith's appeal from the order denying his motion to dissolve the writ of possession had to be made by discretionary application, as discussed above. See *English*, supra. Smith's failure to follow the discretionary appeal procedure deprives us of jurisdiction.

For these reasons, these appeals are hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 02/22/2013
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

, *Clerk.*