# Court of Appeals
# of the State of Georgia

ATLANTA,   April 01, 2013

*The Court of Appeals hereby passes the following order:*

**A13A1185.  LUIS RAMIREZ v. U. S. BANK NATIONAL ASSOCIATION.**

This case originated as a dispossessory proceeding in magistrate court.  After an adverse ruling, Luis Ramirez appealed the magistrate court's decision to the state court.  The state court subsequently issued a writ of possession in favor of the plaintiff, noting in its order that Ramirez failed to appear for the hearing but sent a representative who acted as his attorney in fact.  Alicia Burnett, Ramirez's attorney in fact, then filed a notice of appeal in superior court from the state court's judgment. The superior court dismissed the notice of appeal and issued a writ of possession in favor of the plaintiff.  Ramirez, through Burnett, has now appealed the superior court's order directly to this Court.  We lack jurisdiction.

Under OCGA § 15-19-51 (a) (1), it is unlawful for any person other than a duly licensed attorney at law to "practice or appear as an attorney at law for any person other than himself in any court of this state or before any judicial body."  While a litigant may represent himself without counsel, he may not be represented by someone unauthorized to practice law.  See *Eckles v. Atlanta Technology Group*, 267 Ga. 801 (485 SE2d 22) (1997). Accordingly, only a duly licensed attorney may file a notice of appeal to this Court on behalf of an individual who does not appear pro se.  See *Congress Re-Insurance Corp. v. Archer-Western Contractors*, 226 Ga. App. 829 (487 SE2d 679) (1997).  Because Burnett is not authorized to practice law in this State, the notice of appeal she filed on behalf of Ramirez is null and void.

Moreover, because the order at issue disposes of a de novo appeal from a magistrate court decision, Ramirez was required to follow the discretionary appeal procedures. See OCGA § 5-6-35 (a) (1); *English v. Delbridge*, 216 Ga. App. 366, 367

(454 SE2d 175) (1995). Thus, even if his notice of appeal was valid, Ramirez's failure to follow discretionary appeal procedures would deprive this Court of jurisdiction over this appeal. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,* 04/01/2013
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*