# Court of Appeals
# of the State of Georgia

ATLANTA,____March 20, 2014____

*The Court of Appeals hereby passes the following order:*

**A14A1229. CARMEN STEPHENS v. CITIMORTGAGE, INC.**

This case originated as a dispossessory proceeding in magistrate court. The magistrate court entered a judgment in favor of the plaintiff, and defendant Carmen Stephens appealed to superior court. On September 6, 2013, the superior court dismissed the appeal as untimely and issued a writ of possession in favor of the plaintiff. On September 16, 2013, Stephens filed this appeal. We lack jurisdiction for two reasons.

First, when a superior court order involves a de novo appeal from a magistrate court decision, an appellant is required to follow the discretionary appeal procedure. See OCGA § 5-6-35 (a) (1); *English v. Delbridge*, 216 Ga. App. 366, 367 (454 SE2d 175) (1995). Accordingly, Stephens's notice of direct appeal does not give rise to a valid appeal.

Second, this appeal is untimely. Although a notice of appeal generally may be filed within 30 days of entry of the order sought to be appealed, the underlying subject matter of an appeal controls over the relief sought in determining the proper appellate procedure. See *Rebich v. Miles*, 264 Ga. 467, 467-468 (448 SE2d 192) (1994). The underlying subject matter of this case is a dispossessory judgment. And, pursuant to OCGA § 44-7-56, an appeal from a dispossessory judgment must be filed within seven days of the date the judgment was entered. See *Ray M. Wright, Inc. v. Jones*, 239 Ga. App. 521 (521 SE2d 456) (1999). Here, Stephens filed her notice of appeal 10 days after the superior court's writ of possession was entered, so it is untimely. For these reasons, we lack jurisdiction to review this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* 03/20/2014

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen*                                    *, Clerk.*