# Court of Appeals
# of the State of Georgia

ATLANTA,  July 28, 2014

*The Court of Appeals hereby passes the following order:*

**A14A1995. JESSE R. WALKER et al. v. DIRECT PROPERTIES, LLC.**

This case originated as a dispossessory proceeding in magistrate court. The magistrate court entered a judgment in favor of Direct Properties, LLC., and defendants Jesse and Evelyn Walker appealed to superior court. On April 1, 2014, the superior court issued a writ of possession in favor of Direct Properties. On April 11, 2014, the Walkers filed this appeal. We lack jurisdiction for two reasons.

First, when a superior court order involves a de novo appeal from a magistrate court decision, an appellant is required to follow the discretionary appeal procedure. See OCGA § 5-6-35 (a) (1); *Strachan v. Meritor Mortgage Corp.*, 216 Ga. App. 82 (453 SE2d 119) (1995). Accordingly, the Walkers' notice of direct appeal does not give rise to a valid appeal.

Second, this appeal is untimely. Although a notice of appeal generally may be filed within 30 days of entry of the order sought to be appealed, the underlying subject matter of an appeal controls over the relief sought in determining the proper appellate procedure. See *Rebich v. Miles*, 264 Ga. 467, 467-468 (448 SE2d 192) (1994). The underlying subject matter of this case is a dispossessory judgment. And, pursuant to OCGA § 44-7-56, an appeal from a dispossessory judgment must be filed within seven days of the date the judgment was entered. See *Ray M. Wright, Inc. v. Jones*, 239 Ga. App. 521 (521 SE2d 456) (1999). Here, The Walkers filed their notice of appeal 10 days after the superior court's writ of possession was entered, so it is untimely. For these reasons, we lack jurisdiction to review this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 07/28/2014
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ Stephen E. Castlen _____ , *Clerk.*