# Court of Appeals
# of the State of Georgia

ATLANTA,  September 29, 2014

*The Court of Appeals hereby passes the following order:*

**A15A0124.  TASHA ISAOLA v.HABITAT FOR HUMANITY OF DALTON-WHITFIELD & MURRAY, INC.**

This case originated as a dispossessory proceeding in magistrate court. Following an adverse ruling, defendant Tasha Isaola appealed to the superior court. The superior court also ruled in favor of the plaintiff.  Isaola filed a motion for new trial, which the trial court denied on July 21, 2014.  On August 11, 2014, Isaola filed this direct appeal from the superior court's order.  We lack jurisdiction for two reasons.

Although a notice of appeal generally may be filed within 30 days of entry of the order sought to be appealed, the underlying subject matter of an appeal controls over the relief sought in determining the proper appellate procedure. See *Rebich v. Miles*, 264 Ga. 467, 467-468 (448 SE2d 192) (1994). The underlying subject matter of this case is a dispossessory judgment.  And, pursuant to OCGA § 44-7-56, an appeal from a dispossessory judgment must be filed within seven days of the date the judgment was entered.  See *Ray M. Wright, Inc. v. Jones*, 239 Ga. App. 521 (521 SE2d 456) (1999).  Here, Isaola filed her notice of appeal 21 days after the superior court denied her motion for new trial, so it is untimely.

Moreover, the superior court's order disposed of a de novo appeal from a magistrate court decision.  Therefore, Isaola was required to follow the discretionary appeal procedure.  See OCGA § 5-6-35 (a) (1); *English v. Delbridge*, 216 Ga. App. 366, 367 (454 SE2d 175) (1995).  Isaola's failure to follow this procedure also deprives us of jurisdiction to consider this appeal.  For these reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 09/29/2014
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

*Stephen E. Castlen*                    *, Clerk.*