# Court of Appeals
# of the State of Georgia

ATLANTA,    November 07, 2014

*The Court of Appeals hereby passes the following order:*

**A15A0532.  HARRY RAY SHOUSE v. WILLIAM CARLTON SLEDGE.**

This case originated as a dispossessory proceeding in magistrate court. Following the magistrate court's order dismissing the case, Harry Ray Shouse appealed the magistrate court's ruling to the superior court.  On September 9, 2014, the superior court granted summary judgment to William Carlton Sledge, and Shouse filed a notice of direct appeal from this ruling on October 6, 2014. We lack jurisdiction for two reasons.

First, because the order at issue disposes of a de novo appeal from a magistrate court ruling, Shouse was required to follow the discretionary appeal procedures.  See OCGA § 5-6-35 (a) (1); *English v. Delbridge*, 216 Ga. App. 366, 367 (454 SE2d 175) (1995).  His failure to do so deprives us of jurisdiction over this appeal.

Second, this appeal is untimely.  Although a notice of appeal generally may be filed within 30 days of entry of the order sought to be appealed, the underlying subject matter of an appeal controls over the relief sought in determining the proper appellate procedure. See *Rebich v. Miles*, 264 Ga. 467, 467-468 (448 SE2d 192) (1994).  The underlying subject matter of this case is a dispossessory judgment.  And, pursuant to OCGA § 44-7-56, an appeal from a dispossessory judgment must be filed within seven days of the date the judgment was entered.  See *Ray M. Wright, Inc. v. Jones*, 239 Ga. App. 521 (521 SE2d 456) (1999).  Here, Shouse filed his notice of appeal 27 days after the superior court's order was entered.  For these reasons, we lack jurisdiction to review this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*___11/07/2014___
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____Stephen E. Castlen_____, *Clerk.*