# Court of Appeals
# of the State of Georgia

ATLANTA,  December 16, 2014

*The Court of Appeals hereby passes the following order:*

**A15D0158.  MICHAEL DONDIS v. U. S. BANK.**

This dispossessory action originated in magistrate court.  After the magistrate court entered judgment against Dondis and other defendants, they appealed to state court, which entered a writ of possession against them.  Dondis, claiming that he did not receive a copy of the writ, filed a motion to set aside and re-enter it so that he could appeal.  On September 10, 2014, the state court entered an order setting aside the writ of possession and directing the parties to appear at a status conference the following month. On November 20, 2014, Dondis filed this application for discretionary appeal, complaining that although the state court vacated its writ, it failed to re-enter it so that Dondis could timely appeal.

We lack jurisdiction because this application is untimely from the September 10 order. Generally, an application for discretionary appeal must be filed within 30 days of entry of the order sought to be appealed. OCGA § 5-6-35 (d). But the underlying subject matter of an appeal controls over the relief sought in determining the proper appellate procedure. *Rebich v. Miles*, 264 Ga. 467, 467-468 (448 SE2d 192) (1994). OCGA § 44-7-56 provides that an appeal from a judgment in a dispossessory action must be filed within seven days of the date the judgment was entered. See *Ray M. Wright, Inc. v. Jones*, 239 Ga. App. 521 (521 SE2d 456) (1999). Dondis's application, filed 71 days after entry of the order he wishes to appeal, is untimely.  The application is therefore DISMISSED for lack of jurisdiction.[1]

---

[1] Further, we note that the action apparently remains pending below. Accordingly, in order to appeal the non-final September 10 order, Dondis needed to



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* _____12/16/2014_____

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____Stephen E. Castlen_____ *, Clerk.*

comply with the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b), including obtaining a certificate of immediate review from the trial court.