# Court of Appeals
# of the State of Georgia

ATLANTA,   December 28, 2015

*The Court of Appeals hereby passes the following order:*

## A16D0166.   MUSTAFA ANSARI v. FEDERAL NATIONAL MORTGAGE ASSOCIATION et al.

This case began as a dispossessory proceeding in magistrate court. Following an adverse ruling, defendant Mustafa Ansari[1] appealed to the superior court, which entered a final judgment and writ of possession in favor of the plaintiff in February 2015. Ansari then filed an "Emergency Petition for Writ of Mandamus, Prohibition, Request for Stay, Declaratory and Injunctive Relief," which the superior court denied by order entered October 20, 2015. On October 28, 2015, Ansari filed an application for discretionary appeal from this ruling in the Supreme Court, which construed Ansari's "Emergency Petition" as a motion to set aside a writ of possession and transferred the case to this Court.[2] We lack jurisdiction.

An application for discretionary appeal generally may be filed within 30 days of entry of the order sought to be appealed. See OCGA § 5-6-35 (d). The underlying subject matter of an appeal, however, controls over the relief sought in determining the proper appellate procedure. See *Rebich v. Miles*, 264 Ga. 467, 467-468 (448 SE2d 192) (1994). The underlying subject matter here is a dispossessory judgment.

---

[1] Ansari's last name also is spelled "Anasari" in the record.

[2] Although Ansari's application also is entitled "Emergency Petition for Writ of Mandamus, Prohibition[,] Request for Stay, Declaratory and Injunctive Relief," he essentially seeks appellate review of the superior court's order denying the similarly styled "Emergency Petition" he filed in that court. See *Kuriatnyk v. Kuriatnyk*, 286 Ga. 589, 590 (690 SE2d 397) (2010) (in construing pleadings, substance controls over nomenclature).

Under OCGA § 44-7-56, an appeal from a dispossessory judgment must be filed within seven days of the date the judgment was entered. See *Ray M. Wright, Inc. v. Jones*, 239 Ga. App. 521, 522-523 (521 SE2d 456) (1999). Ansari's October 28 application is untimely, as it was filed eight days after the superior court's order denying his "Emergency Petition," and more than eight months after the court's February 2015 final judgment. Accordingly, we lack jurisdiction to review this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,*_____12/28/2015_____

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*