# Court of Appeals of the State of Georgia

ATLANTA, January 11, 2016

*The Court of Appeals hereby passes the following order:*

## A16A0606. JONATHAN LEE HUSKEY v. PRIME FUNDING INC.

This case began as a dispossessory proceeding in magistrate court. Following an adverse ruling, defendant Jonathan Lee Huskey appealed to the superior court. The superior court issued an order on September 2, 2015, granting Prime Funding, Inc. a writ of possession. Huskey filed a notice of direct appeal on September 10, 2015. We, however, lack jurisdiction.

First, because the order at issue disposes of a de novo appeal from a magistrate court decision, Huskey was required to follow the discretionary appeal procedures. See OCGA § 5-6-35 (a) (1); *English v. Delbridge*, 216 Ga. App. 366, 367 (454 SE2d 175) (1995). His failure to do so deprives us of jurisdiction over this appeal.

Second, a notice of appeal may generally be filed within 30 days of entry of the order sought to be appealed. See OCGA § 5-6-38 (a). However, the underlying subject matter of an appeal controls over the relief sought in determining the proper appellate procedure. See *Rebich v. Miles*, 264 Ga. 467, 467-468 (448 SE2d 192) (1994). The underlying subject matter here is a dispossessory judgment. Under OCGA § 44-7-56, an appeal from a dispossessory judgment must be filed within seven days of the date the judgment was entered. See *Ray M. Wright, Inc. v. Jones*, 239 Ga. App. 521, 522-523 (521 SE2d 456) (1999). Huskey's appeal, filed eight days after the superior court issued its order, is untimely. Accordingly, we lack jurisdiction to review this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* ___01/11/2016___
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____*Stephen E. Castlen*_____ , *Clerk.*