# Court of Appeals
# of the State of Georgia

ATLANTA,  September 02, 2016

*The Court of Appeals hereby passes the following order:*

## A17D0024.  ANNARESE ASHFORD et al. v. WILMINGTON SAVINGS FUND SOCIETY, FSB d/b/a CHRISTIANA TRUST.

This case began as a dispossessory proceeding in magistrate court.  Following an adverse ruling, the defendants appealed to the superior court, which entered a writ of possession in favor of the plaintiff in an order entered on May 10, 2016.  On August 10, 2016, defendant Annarese Ashford filed the instant application for discretionary appeal in this Court.[1]  We lack jurisdiction.

Generally, an application for discretionary appeal must be filed within 30 days of entry of the order sought to be appealed.  See OCGA § 5-6-35 (d).  The underlying subject matter of an appeal, however, controls over the relief sought in determining the proper appellate procedure.  See *Rebich v. Miles*, 264 Ga. 467, 467-468 (448 SE2d 192) (1994).  The underlying subject matter here is a dispossessory judgment.  Under OCGA § 44-7-56, an appeal from a dispossessory judgment must be filed within seven days of the date the judgment was entered.  See *Ray M. Wright, Inc. v.*

---

[1] Ashford, a non-lawyer, is the only defendant who signed the application.  She thus is the sole applicant because, as a non-attorney, she may not file an appeal on behalf of her co-defendant.  See *Aniebue v. Jaguar Credit Corp.*, 308 Ga. App. 1, 1, n. 1 (708 SE2d 4) (2011).  We note that the arguments raised in Ashford's application appear to be only marginally related, if at all, to the order she seeks to appeal.  Nevertheless, the only trial court order Ashford submitted with her application is the superior court's May 10 order, which we therefore deem to be the order she seeks permission to appeal.  See Court of Appeals Rule 31 (e) ("Discretionary applications must contain a stamped 'filed' copy of the trial court's order or judgment from which the appeal is sought.").

*Jones*, 239 Ga. App. 521, 522-523 (521 SE2d 456) (1999). Ashford's August 10 application for discretionary appeal is untimely, as it was filed 92 days after the superior court's order entering a writ of possession. Accordingly, we lack jurisdiction to review this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* ___09/02/2016___
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*