# Court of Appeals
# of the State of Georgia

ATLANTA,  January 20, 2017

*The Court of Appeals hereby passes the following order:*

**A17D0220. VIDA THOMPSON v. WILMINGTON TRUST, N.A., AS SUCCESSOR TRUSTEE TO CITIBANK, N.A., et al.**

In this dispossessory action, Vida Thompson, proceeding pro se, seeks discretionary appeal from a writ of possession entered against her. She has included with her application a magistrate court judgment filed on November 28, 2016.[1] Ordinarily, we would transfer a case appealing from a magistrate court judgment to superior court because "[t]he only avenue of appeal available from [a] magistrate court judgment is provided by OCGA § 15-10-41 (b) (1), which allows for a de novo appeal to the state or superior court," *Handler v. Hulsey*, 199 Ga. App. 751, 751 (406 SE2d 225) (1991), and the Georgia Constitution requires that "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere."  See Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII; see also *Bosma v. Gunter*, 258 Ga. 664, 664 (373 SE2d 368) (1988). Here, however, it is not clear whether Thompson intended to appeal the magistrate court order attached to her application or an unspecified ruling in what she refers to as her "De Novo Appeal" to the superior court.

---

[1] We note that Thompson's December 23, 2016 application is untimely from this November 28, 2016 judgment because an appeal from a dispossessory ruling must be filed within seven days of the date the judgment was entered.  See OCGA § 44-7-56; *Ray M. Wright, Inc. v. Jones*, 239 Ga. App. 521, 522-523 (521 SE2d 456) (1999).

If Thompson intended to appeal the magistrate court order, we would ordinarily transfer the case to superior court. See Ga. Const, of 1983, Art. VI, Sec. 1, Par. VIII ("[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere."). In this case, however, jurisdiction does not lie elsewhere. An appeal from a dispossessory ruling must be filed within seven days of the date the judgment was entered. OCGA § 44-7-56; *Ray M. Wright, Inc. v. Jones*, 239 Ga. App. 521, 522-523 (521 SE2d 456) (1999). Thompson filed her application 25 days after entry of the magistrate court order, with the result that the application is untimely and would remain so if transferred to the superior court. Further, if Thompson did intend to appeal a ruling made in the superior court, her application is deficient because she has not provided a copy of the order that she seeks to appeal. Pursuant to OCGA § 5-6-35 (c) and Court of Appeals Rule 31 (c), an application for discretionary review must include a copy of the order being appealed. In the absence of an appealable order from the superior court, we are unable to assume jurisdiction. See *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989) ("The requirements of OCGA § 5-6-35 are jurisdictional and this court cannot accept an appeal not made in compliance therewith").

For these reasons, we are unable to consider the merits of Thompson's application for discretionary appeal, which is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta, __01/20/2017__
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

, *Clerk.*