# Court of Appeals
# of the State of Georgia

ATLANTA,   February 07, 2019

*The Court of Appeals hereby passes the following order:*

**A19D0276.  ARTHUR LONG v. WELLS FARGO BANK N.A.**

In this dispossessory action, the magistrate court entered a default judgment on December 13, 2018 against Arthur Long, and further issued a writ of possession in favor of Wells Fargo Bank N.A. Long then filed the instant application for discretionary appeal on January 9, 2018. We, however, lack jurisdiction.

This Court may only address magistrate court matters that already have been reviewed by the state or superior court. See *Westwind Corp. v. Washington Fed. S & L Assn.*, 195 Ga. App. 411, 411 (1) (393 SE2d 479) (1990); see also OCGA § 5-6-35 (a) (1), (a) (11). But here, the only order in the application materials was issued by the magistrate court, which has not been reviewed by a state or superior court.[1]

Moreover, ordinarily, an application for discretionary appeal must be filed within 30 days of entry of the order sought to be appealed. OCGA § 5-6-35 (d). The underlying subject matter of an appeal, however, controls over the relief sought in determining the proper appellate procedure. *Rebich v. Miles*, 264 Ga. 467, 467-468 (448 SE2d 192) (1994). The underlying subject matter here is a dispossessory action.

---

[1] Long alleges that he attempted to file a notice of appeal to the superior court, but the magistrate court refused to accept his appeal. Generally, "[t]he only avenue of appeal available from [a] magistrate court judgment is provided by OCGA § 15-10-41 (b) (1), which allows for a de novo appeal to the state or superior court." *Handler v. Hulsey*, 199 Ga. App. 751, 751 (406 SE2d 225) (1991). When a default judgment is entered against a party in magistrate court, however, that party does not have a right to direct appeal but must seek certiorari to the state court or superior court of that county. See OCGA § 15-10-41 (b) (2).

OCGA § 44-7-56 provides that an appeal from any dispossessory judgment must be filed within seven days of the date the judgment was entered. See *Ray M. Wright, Inc. v. Jones*, 239 Ga. App. 521, 522-523 (521 SE2d 456) (1999). Because Long's application was filed 27 days after the magistrate court's order was entered, this application is untimely. Accordingly, we lack jurisdiction to review this application, which is hereby DISMISSED. Id. at 523.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta, __02/07/2019_____*
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*