# Court of Appeals
# of the State of Georgia

ATLANTA,  April 04, 2019

*The Court of Appeals hereby passes the following order:*

**A19A1639. GALE E. CHAMBERS v. ROYALTY, LLC et al.**

Royalty, LLC filed a dispossessory action in state court against Gale E. Chambers. On January 15, 2019, the state court entered judgment in favor of Royalty. Chambers then filed a "Complaint and Request for Injunction," which the trial court denied on February 7, 2019. Chambers filed a notice of appeal on February 14, 2019. We lack jurisdiction.

Generally, a notice of appeal must be filed within 30 days of entry of the order sought to be appealed. See OCGA § 5-6-38 (a). The underlying subject matter of an appeal, however, controls over the relief sought in determining the proper appellate procedure. See *Rebich v. Miles*, 264 Ga. 467, 467-468 (448 SE2d 192) (1994). The underlying subject matter here is a dispossessory judgment. Under OCGA § 44-7-56, appeals in dispossessory actions must be filed within seven days of the date the judgment was entered. See *Ray M. Wright, Inc. v. Jones*, 239 Ga. App. 521, 522-523 (521 SE2d 456) (1999). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. Id. at 523. As Chamber's notice of appeal was filed 30 days after entry of the trial court's order, it is untimely.

The fact that Chambers filed a "Complaint and Request for Injunction" does not alter this result. "[T]here is no magic in the nomenclature used.  Under our rules, pleadings are judged by their function and not the name used." *Masters v. Clark*, 269 Ga. App. 537, 538 (604 SE2d 556) (2004) (punctuation omitted). In her filing, Chambers argued that the hearing notice was sent to the wrong address and that

Royalty was not the true owner of the property. In substance, this filing constitutes either a motion for reconsideration or a motion to set aside under OCGA § 9-11-60 (d). In either event, we lack jurisdiction to consider the appeal.

An order denying a motion for reconsideration is not directly appealable, and the filing of such a motion does not extend the time for filing an appeal. See *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271 (326 SE2d 5) (1985). To the extent the filing may be considered a motion to set aside under OCGA § 9-11-60 (d), Chambers was required to file an application for discretionary appeal in order to appeal. See OCGA § 5-6-35 (a) (8). Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,  04/04/2019*
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*


, *Clerk.*