# Court of Appeals
# of the State of Georgia

ATLANTA, July 29, 2019

*The Court of Appeals hereby passes the following order:*

**A19A2243. 1ST CHILDCARE & PRESCHOOL, LLC v. TYRONE TATE.**

This case originated as a dispossessory proceeding in magistrate court filed by Tyrone Tate against 1st Child Care and Preschool LLC dba Child First 24 Hour Day Care ("1st Child") and "all other occupants." Following an adverse ruling, Bonnie Stinsen, who may be residing at the property at issue, appealed the magistrate court's decision to the superior court on behalf of herself and 1st Child. The superior court entered a writ of possession in favor of Tate. Stinsen filed this direct appeal. We lack jurisdiction.

Because the order at issue disposes of a de novo appeal from a magistrate court decision, the parties were required to follow the discretionary appeal procedures. See OCGA § 5-6-35 (a) (1); *English v. Delbridge*, 216 Ga. App. 366, 367 (454 SE2d 175) (1995). Their failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED.

We further note that Stinsen, who is not a licensed attorney, filed the notice of appeal on behalf of herself and 1st Child. "In this state, only a licensed attorney is authorized to represent a corporation in a proceeding in a court of record." *Eckles v. Atlanta Technology Group*, 267 Ga. 801, 805 (2) (485 SE2d 22) (1997). A non-lawyer is not legally permitted to file pleadings on behalf of a corporation. See *Congress Re-Insurance Corp. v. Archer-Western Contractors, Ltd.*, 226 Ga. App.

829, 831 (1) (487 SE2d 679) (1997). Thus, Stinsen is not legally permitted to file an appeal on behalf of 1st Child. See OCGA § 5-6-33.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta,* 07/29/2019
 *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
 *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*