# Court of Appeals
# of the State of Georgia

ATLANTA,  October 03, 2019

*The Court of Appeals hereby passes the following order:*

**A19A2209.  LEE STEWART v. SANDRA HALOUSKA.**

Sandra Halouska filed a civil action against her tenant, Lee Stewart, seeking to recover past-due rent and to evict Stewart from the property.  On May 6, 2019, the Municipal Court of Columbus, Muscogee County, entered a judgment in the amount of $4,400 and a writ of possession in Halouska's favor.  Stewart filed a motion to set aside the judgment under OCGA § 9-11-60 (d).  The trial court denied the motion and, on May 28, 2019, Stewart filed this direct appeal.  We lack jurisdiction because Stewart was required to follow the discretionary appeal procedures to obtain review before this Court.

To the extent the underlying case was an action for damages, it falls within OCGA § 5-6-35 (a) (6), which provides that where a money judgment in an action for damages totals $10,000.00 or less, a party must follow the discretionary appeal procedures to obtain appellate review.  See *Jennings v. Moss*, 235 Ga. App. 357, 357 (509 SE2d 655) (1998).

To the extent the underlying case was a dispossessory proceeding, the notice of appeal was timely only as to the trial court's May 22 order denying Stewart's motion to set aside.  See OCGA § 44-7-56 (appeals in dispossessory actions must be filed within seven days of the date the judgment was entered); *Ray M. Wright, Inc. v. Jones*, 239 Ga. App. 521, 522-523 (521 SE2d 456) (1999).  Pursuant to OCGA § 5-6-35 (a) (8), however, a party must follow the discretionary appeal procedures to obtain appellate review of an order denying a motion to set aside a judgment under OCGA § 9-11-60. See *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006).

Stewart's failure to follow the required procedure deprives us of jurisdiction to consider his appeal.  See *Jennings*, 235 Ga. App. at 357.  For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,    10/03/2019*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*