# Court of Appeals
# of the State of Georgia

ATLANTA,  February 07, 2020

*The Court of Appeals hereby passes the following order:*

## A19A2113. REGINALD A. SMITH et al. v. WILMINGTON SAVINGS FUND SOCIETY, FSB.

This case began as a dispossessory action in magistrate court. Following the magistrate court's entry of a dispossessory judgment, defendants Reginald A. Smith, Sharlene Smith, and Tony L. Ware appealed to the superior court. In the superior court, the defendants filed a motion for declaratory judgment and permanent injunction, seeking to prevent the plaintiff from enforcing its security deed or foreclosing upon the property at issue. On March 25, 2019, the superior court denied the defendants' motion, and on April 12, 2019, the defendants filed this appeal. We lack jurisdiction for two reasons.

First, appeals from superior court decisions reviewing lower court decisions by certiorari or de novo proceedings must be initiated by filing an application for discretionary appeal. OCGA § 5-6-35 (a) (1), (b); *Bullock v. Sand*, 260 Ga. App. 874, 875 (581 SE2d 333) (2003). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). The defendants' failure to follow the proper procedure deprives us of jurisdiction over this direct appeal.[1]

---

[1] The defendants purport to appeal under OCGA § 5-6-34 (a) (4), which generally permits direct appeals from "[a]ll judgments or orders granting or refusing applications . . . for interlocutory or final injunctions[.]" But the underlying subject matter of an appeal controls over the relief sought in determining the proper appellate procedure. *Radio Sandy Springs, Inc. v. Allen Road Joint Venture*, 311 Ga. App. 334, 335 (715 SE2d 752) (2011). In their appeal, the defendants challenge the magistrate

Second, while a notice of appeal generally must be filed within 30 days of entry of the order sought to be appealed under OCGA § 5-6-38 (a), under OCGA § 44-7-56, appeals in dispossessory actions must be filed within seven days of the date the judgment was entered. See *Ray M. Wright, Inc. v. Jones*, 239 Ga. App. 521, 522-523 (521 SE2d 456) (1999). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. Id. at 523. The defendants' notice of appeal, filed 18 days after the superior court's order, is untimely.

For these reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__02/07/2020_____*
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*

court's dispossessory judgment and the superior court's review thereof. Accordingly, the defendants were required to follow the discretionary appeal procedure to obtain this Court's review.