# Court of Appeals
# of the State of Georgia

ATLANTA,_ July 01, 2021_____

*The Court of Appeals hereby passes the following order:*

## A21D0360. SHAMANE RIVERS v. MAIN STREET RENEWAL, LLC et al.

Shamane Rivers, proceeding pro se, filed this application for discretionary review, seeking to appeal an order entered by the Fulton County Magistrate Court in a dispossessory action.[1] We lack jurisdiction for multiple reasons.

First, Rivers's application is untimely. An application for discretionary review generally may be filed within 30 days of entry of the order sought to be appealed. See OCGA § 5-6-35 (d). The underlying subject matter of an appeal, however, controls over the relief sought in determining the proper appellate procedure. *Radio Sandy Springs, Inc. v. Allen Road Joint Venture*, 311 Ga. App. 334, 335 (715 SE2d 752) (2011). Under OCGA § 44-7-56, appeals in dispossessory actions must be filed within seven days of the date the judgment was entered. See *Ray M. Wright, Inc. v. Jones*, 239 Ga. App. 521, 522-523 (521 SE2d 456) (1999); see also Court of Appeals Rule 31 (a). Rivers's application was untimely filed on June 3, 2021, 20 days after the magistrate court order sought to be appealed was entered on May 14, 2021.

Second, "[t]he only avenue of appeal available from [a] magistrate court judgment is provided by OCGA § 15-10-41 (b) (1), which allows for a de novo appeal

---

[1]Although Rivers's application is entitled (in part) "Notice of Appeal," we construe it as an application, as: (i) the document contains part of the standard form for applications that is available on this Court's website; and (ii) it was filed in this Court, rather than the trial court. Compare OCGA § 5-6-35 (d) (an application for discretionary review is filed in the appropriate appellate court), with OCGA § 5-6-37 (a notice of appeal must be filed "with the clerk of the court wherein the case was determined").

to the state or superior court." *Handler v. Hulsey*, 199 Ga. App. 751, 751 (406 SE2d 225) (1991). This Court thus may address magistrate court matters only if they already have been reviewed by the state or superior court. See *Westwind Corp. v. Washington Fed. S & L Assn.*, 195 Ga. App. 411, 411 (1) (393 SE2d 479) (1990). Absent an appealable state or superior court order, we are unable to entertain jurisdiction over this case, regardless of its timeliness.[2]

For each of the above reasons, Rivers's application is hereby DISMISSED for lack of jurisdiction. Rivers's motions "to vacate the writ of possession and discharge the case" and "to quash writ of possession and disqualify judge" are DENIED as MOOT.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,   07/01/2021          *
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[2] According to the magistrate court order sought to be appealed, an appeal by unidentified parties to the superior court was dismissed on December 10, 2020. To the extent that Rivers seeks to appeal any such superior court order – which he has not provided with his application materials – this application is untimely as to any such order. See OCGA § 44-7-56; Court of Appeals Rule 31 (a); *Ray M. Wright, Inc.*, 239 Ga. App. at 522-523; see also OCGA § 5-6-35 (c) (a copy of the order or judgment sought to be appealed must be included as an exhibit to an application for discretionary appeal); Court of Appeals Rule 31 (c) (same).