# Court of Appeals
# of the State of Georgia

ATLANTA,  September 12, 2022

*The Court of Appeals hereby passes the following order:*

**A23A0170. NISA CLARK v. HANOVER RS LIMITED PARTNERSHIP d/b/a 880 APARTMENT, LLC.**

Nisa Clark is a tenant in an apartment complex owned by Hanover RS Limited Partnership d/b/a 880 Apartment, LLC ("Hanover").  After Clark failed to pay rent for several months, Hanover filed suit against her in Fulton County State Court seeking past due rent, utility and late fees, and attorney fees. On June 1, 2022, the trial court entered a consent order which stated that the parties agreed: (1) that Clark owed Hanover the sum of $17,789.48 for past-due rent, attorney fees, and court costs through June 30, 2022; (2) "that judgment shall be withheld"; and (3) that Clark would be allowed to remain in possession of the premises, provided that she pay Hanover $17,789.48 by June 8, 2022. The consent order further provided that upon Clark's default on her payment obligation "and the filing of a sworn affidavit by the [Hanover], judgment shall be entered in favor of the [Hanover] against [Clark] for the unpaid balance, together with future interest as allowed by law and future costs to be taxed by the Clerk and a Writ of FIFA and a Writ of Possession for the premises shall issue instanter." On June 9, 2022, Clark filed a notice of appeal. We, however, lack jurisdiction.

A party has a right of direct appeal from a final judgment. "Generally, an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court." *Yanes v. Escobar*, 362 Ga. App. 896, 897 (870 SE2d 506) (2022) (citation and punctuation omitted).  It is clear from the consent order, however, that the case remains pending below. Thus, the order that Clark seeks

to appeal is interlocutory in nature. See OCGA § 5-6-34 (a) (1), (b); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588 (1) (408 SE2d 103) (1991). And when the order appealed from is an interlocutory order, this Court does not acquire jurisdiction unless the procedures for an interlocutory appeal set forth in OCGA § 5-6-34 (b) are complied with. *Islamkhan v. Khan*, 299 Ga. 548, 551 (2) (787 SE2d 731) (2016) (punctuation omitted). Given Clark's failure to follow those procedures, we lack jurisidiction.

Moreover, even if a direct appeal were proper in this case, Clark's appeal is untimely. While as a general rule a notice of appeal must be filed within 30 days of entry of the order sought to be appealed, appeals in dispossessory actions must be filed within 7 days of the date the judgment was entered. See OCGA § 44-7-56; *Radio Sandy Springs, Inc. v. Allen Road Joint Venture*, 311 Ga. App. 334, 335-336 (715 SE2d 752) (2011); *Ray M. Wright, Inc. v. Jones*, 239 Ga. App. 521, 522-523 (521 SE2d 456) (1999). Clark's notice of appeal was filed 8 days after the entry of the superior court's June 1 consent order and for this additional reason, we lack jurisdiction to consider the appeal. See id. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __09/12/2022_____

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_Stephen E. Castlen_____ , Clerk.*