# Court of Appeals
# of the State of Georgia

ATLANTA, December 19, 2025

*The Court of Appeals hereby passes the following order:*

**A26A0815. SHANDA CLARKE et al v. THE QUARRY APARTMENTS.**

In November 2024, the Quarry Apartments filed a dispossessory action in magistrate court against Shanda and Michael Clarke. The Clarkes counterclaimed and the magistrate court transferred the action to superior court. On September 30, 2025, Shanda failed to appear for trial and the superior court struck her answer. The same date, the court entered a final consent order between the Quarry Apartments and Michael under which the Clarkes would vacate the premises by October 20, 2025, and the Quarry Apartments would be entitled to the rent which had been paid into the court but would forgive two months of past-due rent; Michael also agreed to dismiss his counterclaim. Thereafter, Shanda filed a motion to reopen the case and for an emergency stay. The court denied the motion and issued a writ of possession in favor of the Quarry Apartments on October 21, 2025. Shanda then filed an emergency motion to quash the writ of possession, which the superior court denied. On October 31, 2025, the Clarkes filed a notice of appeal, seeking to appeal the final consent order, and the court's two subsequent orders. We, however, lack jurisdiction.

Under OCGA § 44-7-56 appeals in dispossessory actions must be filed within seven days of the date the judgment was entered. See *Ray M. Wright, Inc. v. Jones*, 239 Ga. App. 521, 522-523 (521 SE2d 456) (1999); see also Court of Appeals Rule 31 (a). Here, the Clarkes' notice of appeal was untimely because it was filed 31 days after the court entered the final consent order and ten days after the court issued the writ of

possession.[1] The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon this Court. *Yanes v. Escobar*, 362 Ga. App. 896, 898 (870 SE2d 506) (2022).

For the above reasons, this direct appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 12/19/2025

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[1] The court's orders denying Shanda's motion to reopen the case and emergency motion to quash the writ of possession do not change this analysis.