A11A1453. RADIO SANDY SPRINGS, INC. v. ALLEN ROAD JOINT VENTURE.
(715 SE2d 752)

MIKELL, Judge.

In this dispossessory action, tenant Radio Sandy Springs, Inc. ("RSS"), appeals from the trial court's order granting summary judgment to landlord Allen Road Joint Venture ("Allen Road"); awarding a money judgment to Allen Road;[1] and denying RSS's motion for summary judgment. The trial court's order was entered on April 29, 2010; RSS filed its notice of appeal on May 27, 2010. In its brief, Allen Road argues that this Court lacks jurisdiction to hear the appeal because RSS failed to follow the requirement of OCGA § 44-7-56 that an appeal in a dispossessory proceeding be filed within seven days of the entry of judgment. We agree and dismiss the appeal.

Although Allen Road has not filed a motion to dismiss the appeal in this Court, it is nevertheless the duty of this Court on its own

---

[1] The trial court awarded Allen Road $12,833.78 past due rent, $1,600 holdover rent, $1,218.93 interest, $2,151.70 late charges, $2,670.66 attorney fees, and $167.50 costs of court.

motion to inquire into its jurisdiction.[2] Further, "[i]f this Court finds that it has no jurisdiction over an appeal, it has the authority to dismiss the appeal on its own motion."[3]

Under OCGA § 44-7-56, governing appeals in dispossessory proceedings, "[a]ny judgment by the trial court shall be appealable pursuant to Chapters 2, 3, 6, and 7 of Title 5, provided that any such appeal shall be filed within seven days of the date such judgment was entered." The record reflects that Allen Road filed a dispossessory proceeding against RSS in the State Court of Fulton County on December 16, 2008. On January 16, 2009, RSS transferred possession of the premises to Allen Road. Thus, the issue of possession was resolved, and the trial court did not issue a writ of possession in its order. Nonetheless, as explained in *Ray M. Wright, Inc. v. Jones*,[4] it is the underlying subject matter of the litigation, rather than the relief granted, which controls in determining the proper appellate procedure to follow.[5] Here, as in *Wright*, the action began and continued as a dispossessory action.[6] Further, as this Court pointed out in *Wright*, OCGA § 44-7-56 "is not limited in scope to a particular type of judgment. It simply provides that 'any judgment' must be appealed within seven days."[7]

Our decision in *America Net, Inc. v. U. S. Cover, Inc.*,[8] is inapposite to the case at bar. *America Net* began as a dispossessory action in magistrate court.[9] The tenant surrendered the premises, and the parties then transferred the case by consent to state court, in order to litigate amounts due under the lease agreement. On appeal from an adverse order of the state court, the tenant failed to comply with the seven-day limit provided in OCGA § 44-7-56. This Court ruled that the seven-day limit did not apply.[10] We reasoned that the parties effectively converted the litigation from a dispossessory

---

[2] *Couch v. United Paperworkers Intl. Union*, 224 Ga. App. 721 (482 SE2d 704) (1997). Accord *Southwest Health & Wellness, LLC v. Work*, 282 Ga. App. 619, 622 (1) (a) (639 SE2d 570) (2006).

[3] (Citation omitted.) *Ga. Dept. of Transp. v. Douglas Asphalt Co.*, 297 Ga. App. 511, 512 (677 SE2d 728) (2009) (whole court).

[4] 239 Ga. App. 521 (521 SE2d 456) (1999) (appeal from arbitration award in dispossessory proceeding was governed by seven-day rule for filing appeal found in OCGA § 44-7-56).

[5] Id. at 522 (appeal from arbitration award in dispossessory proceeding was governed by seven-day rule for filing notice of appeal found in OCGA § 44-7-56).

[6] See id. at 523. Contrary to the statement of facts provided in RSS's brief, the record reflects that the instant case was originally filed in state court, not magistrate court, and that it has not been transferred to any other court.

[7] Id. at 522.

[8] 243 Ga. App. 204 (532 SE2d 756) (2000).

[9] Id. at 204 (1). For ease of reference, we refer to the defendant subtenant in *America Net* as "tenant."

[10] Id. at 204-205 (1).

action to a conventional contract action under a lease, because possession was no longer at issue *and* because the parties stipulated to the transfer to the state court of the contractual dispute as to rent due under the lease.[11] We noted that, outside the narrow circumstances presented in *America Net*, "once an action was filed as a dispossessory action, it would always retain that character regardless of the issues in dispute or the wishes of the parties."[12] Therefore, because the circumstances present in *America Net* are not present in the case at bar, this case has retained its character as a dispossessory action.

"The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court."[13] Under OCGA § 44-7-56, RSS was required to file its notice of appeal within seven days of the entry of the court's order. Because RSS's notice of appeal was filed more than seven days after the judgment was entered, it was untimely, and this Court lacks jurisdiction to consider the appeal.[14]

*Appeal dismissed. Smith, P. J., and Dillard, J., concur.*

DECIDED JULY 29, 2011.

*Francisco J. Marquez*, for appellant.
*Wiles & Wiles, Deborah V. Haughton, Noel J. Cotney, Jr.*, for appellee.

---

[11] Id. at 207 (1).

[12] Id.

[13] (Citation omitted.) *Hardrick v. Morgan*, 240 Ga. App. 155 (522 SE2d 742) (1999).

[14] See *Lewis v. Countrywide Funding Corp.*, 225 Ga. App. 440 (484 SE2d 66) (1997).