# Court of Appeals
# of the State of Georgia

ATLANTA,  April 21, 2015

*The Court of Appeals hereby passes the following order:*

**A15E0028. JEANELL THORNTON v. 3845 WILLOWBROOK, LLC.**

Jeanell Thornton filed an emergency motion in this Court, asking this Court to stay the execution of a writ of possession for 1705 Liberty Trail, Lithia Springs, issued by the Magistrate Court of Douglas County on November 5, 2014. Execution of the writ is scheduled for April 23, 2015. Pursuant to Court of Appeals Rule 40 (b), "this Court may issue such orders or give such direction to the trial court as may be necessary to preserve jurisdiction of an appeal or to prevent the contested issue from becoming moot. This power shall be exercised sparingly. Generally, no order shall be made or direction given in an appeal until it has been docketed in this Court."

Thornton contends that the foreclosure proceedings that resulted in the November 5, 2014 writ of possession were wrongful. The attachments to Thornton's emergency motion show that she filed an appeal from the writ of possession to the Superior Court of Douglas County and that the Superior Court dismissed her appeal on February 10, 2015. Thornton filed a notice of appeal from the February 10, 2015 ruling on March 3, 2015. Thornton failed to attach a certificate of service, however, and consequently her direct appeal has not yet been transmitted to this Court for docketing. Furthermore, the attachments to Thornton's emergency motion also show that the Superior Court ordered that she pay specified rent to remain in possession of the premises pending appeal; Thornton does not show that she is in compliance with the supersedeas order.

As noted above, because of Thornton's procedural default, her appeal has not been docketed in this Court, which indicates that her emergency motion should be denied. Moreover, Georgia law requires that an appeal in a dispossessory proceeding must be filed within seven days of the entry of judgment. See OCGA § 44-7-56 ("Any judgment by the trial court [in a dispossessory proceeding] shall be appealable pursuant to Chapters 2, 3, 6, and 7 of Title 5, provided that any such appeal shall be filed within seven days of the date such judgment was entered."); *Radio Sandy Springs, Inc. v. Allen Road Joint Venture*, 311 Ga. App. 334, 335 (715 SE2d 752) (2011). Because Thornton failed to file a notice of appeal from the February 10, 2015 ruling within seven days, it appears likely that Thornton failed to preserve her right to appeal. Consequently, we conclude that the emergency relief she requests is not necessary to preserve jurisdiction of an appeal or to prevent the contested issue from becoming moot. Because Thornton failed to secure the benefits of supersedeas, she is not entitled to remain in possession of the premises pending appeal, and this Court must DENY her emergency motion.



Court of Appeals of the State of Georgia

*Clerk's Office, Atlanta,*___04/21/2015___

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*