# Court of Appeals
# of the State of Georgia

ATLANTA,  August 07, 2018

*The Court of Appeals hereby passes the following order:*

## A18D0555.  GEOFFERY S. ROBINSON[1] et al. v. SUNTRUST BANK.

This case began as a dispossessory proceeding in magistrate court.  Following an adverse ruling, the defendants appealed to the superior court.  The superior court granted the plaintiff's motion for summary judgment on March 18, 2018.  Twelve days later, the defendants filed, in the superior court, a motion for an extension of time in which to seek appellate review.  The superior court denied the motion for an extension on July 2, 2018.  On July 16, 2018, the defendants filed, in this Court, a single document in which they seek (i) an extension of time in which to apply for discretionary review of the superior court's March 18 order and (ii) discretionary review of the court's March 18 and July 2 orders.  For the reasons that follow, we deny the defendants' request for an extension of time as untimely and dismiss their request for discretionary review for lack of jurisdiction.

Under OCGA § 5-6-39 (a) (5), this Court may grant an extension of time for filing an application for discretionary review.  See *Gable v. State*, 290 Ga. 81, 84-85 (2) (a) (720 SE2d 170) (2011); accord Court of Appeals Rule 16 (c).  The request for an extension, however, "must be made before expiration of the period for filing as originally prescribed or as extended by a permissible previous order."  OCGA § 5-6-39 (d); see also Court of Appeals Rule 31 (i); *Gable*, 290 Ga. at 84-85 (2) (a).  Although an application for discretionary review generally may be filed within thirty days of entry of the order sought to be appealed, see OCGA § 5-6-35 (d), appeals from judgments in dispossessory actions must be filed within seven days of the date the judgment was entered.  See OCGA § 44-7-56; *Radio Sandy Springs, Inc. v. Allen Road Joint Venture*, 311 Ga. App. 334, 335-336 (715 SE2d 752) (2011).  The

---

[1] Robinson's first name also is spelled "Geoffrey" in the record.

deadlines for filing applications for discretionary review are jurisdictional, and this Court cannot accept an application not made in compliance with the applicable deadline. See *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989).

The defendants' request for an extension of time in which to file an application for discretionary review and their application for discretionary review of the March 18 order both are untimely, having been filed 120 days after the order was entered.[2] See OCGA §§ 5-6-39 (d); 44-7-56; *Gable*, 290 Ga. at 84-85 (2) (a); *Radio Sandy Springs, Inc.*, 311 Ga. App. at 335-336. The defendants' request for discretionary review of the superior court's July 2 order also is untimely, as it was filed 15 days after entry of the order. See OCGA § 44-7-56; *Radio Sandy Springs, Inc.*, 311 Ga. App. at 335-336.

In their motion for an extension of time/application for discretionary review, the defendants contend that they first learned of the entry of the superior court's March 18 and July 2 orders more than seven days after each order was entered. If, as the defendants suggest, their right to timely seek appellate review was frustrated due to superior court error, their remedy is to petition the superior court to vacate and re-enter the order or orders at issue in the manner described in *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148-149 (1) (269 SE2d 426) (1980).

For each of the above reasons, the defendants' motion for an extension of time in which to file an application for discretionary review is hereby DENIED. The defendants' application for discretionary review is hereby DISMISSED for lack of jurisdiction. See *Boyle*, 190 Ga. App. at 734.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  08/07/2018*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen* , *Clerk.*

---

[2] Given the untimeliness of the defendants' request for an extension of time, we express no opinion as to whether the request violates Court of Appeals Rule 40 (b). See Court of Appeals Rules 16 (c), 31 (i).