# Court of Appeals
# of the State of Georgia

ATLANTA,  August 15, 2018

*The Court of Appeals hereby passes the following order:*

## A19D0003, A19D0015, A19D0016.  MARVIS MCDANIEL-IVEY v. MOHAMED OUDA et al. (three cases).

These consolidated actions began as a dispossessory proceeding in magistrate court.  Following an adverse ruling in the dispossessory action, defendant Marvis McDaniel-Ivey appealed to the superior court.  In March 2017, the superior court entered an order in which, inter alia, it consolidated the case with a related quiet title action and required McDaniel-Ivey to pay monthly rent into the court registry. McDaniel-Ivey sought to appeal the superior court's March 2017 order by filing an application for interlocutory review in the Supreme Court, which transferred the case to this Court, where it was docketed as Case No. A17I0238.  McDaniel-Ivey also filed a direct appeal (to this Court) from the March 2017 order, which was docketed in this Court as Case No. A17A1774.  In May 2017, we granted McDaniel-Ivey's motion to withdraw the application in Case No. A17I0238.  The following month, we dismissed McDaniel-Ivey's direct appeal in Case No. A17A1774 for failure to comply with the interlocutory review procedures.

On May 15, 2018, the superior court entered this Court's orders disposing of Case Nos. A17I0238 and A17A1774 as an order of the superior court.  That same day, the superior court also entered an order summarily denying McDaniel-Ivey's motion to set aside an unidentified March 20, 2017 order.[1]  On June 13, 2018, McDaniel-Ivey filed an application for discretionary review in the Supreme Court,

---

[1] McDaniel-Ivey has not submitted a copy of her motion to set aside, in violation of Court of Appeals Rule 31 (e).

seeking to appeal the superior court's May 15, 2018 orders. The Supreme Court docketed McDaniel-Ivey's request for review of the two May 15 orders as two separate applications, both of which it then transferred to this Court.[2] We have docketed McDaniel-Ivey's application arising out of the superior court's order entering this Court's prior orders as an order of the superior court as Case No. A19D0015. We have docketed McDaniel-Ivey's application arising out of the denial of her motion to set aside as Case No. A19D0016.

In the interim, back in the superior court, when McDaniel-Ivey failed to make the payments as required by the superior court's March 2017 order, plaintiff Mohamed Ouda filed a motion for supersedeas bond. On May 30, 2018, the superior court granted the motion and ordered McDaniel-Ivey to pay various amounts in past-due and future rent to remain in possession of the premises at issue in these actions. In the May 30 order, the superior court ruled that, should McDaniel-Ivey default on any of these payments, "a writ of possession shall issue upon motion of [the plaintiffs]." On June 6, 2018, McDaniel-Ivey filed, in the Supreme Court, a document entitled "Emergency Motion," in which she sought to challenge the May 30 order. The Supreme Court docketed McDaniel-Ivey's June 6 filing as an application for discretionary review and transferred the matter to this Court, and we docketed the application as Case No. A19D0003. We lack jurisdiction over all three pending applications.

---

[2] The application McDaniel-Ivey filed in the Supreme Court also sought review of superior court orders entered on May 15, 2018, in two other actions. The Supreme Court similarly docketed McDaniel-Ivey's requests for review of those orders as two separate applications, both of which it then transferred to this Court, where they have been docketed as Case Nos. A19D0014 and A19D0017. We dismiss the applications in Case Nos. A19D0014 and A19D0017 by separate orders.

This is McDaniel-Ivey's fourth appearance before this Court in these proceedings. In addition to Case Nos. A17I0238 and A17A1774, see also *McDaniel-Ivey v. Ouda*, No. A18E0055 (emergency motion seeking, inter alia, various forms of injunctive relief, denied on June 6, 2018).

First, in Case No. A19D0015, it is axiomatic that an appeal will not lie from a trial court order that does no more than simply enter an order of this Court as an order of the trial court following a prior appeal. In this situation, there is no new trial court ruling to appeal, and McDaniel-Ivey's application essentially seeks an impermissible second appeal in Case Nos. A17I0238 and A17A1774. See, e.g., *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a party "is not entitled to another bite at the apple by way of a second appeal").

Second, on the current record, it appears that these actions remain pending before the superior court, and the orders McDaniel-Ivey seeks to appeal thus are non-final orders that did not resolve all issues in these cases. See *Rivera v. Housing Auth. of Fulton County*, 163 Ga. App. 648, 648 (295 SE2d 336) (1982). McDaniel-Ivey therefore was required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b) to appeal these orders. See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991). To the extent that both discretionary and interlocutory appeal procedures may apply, an applicant must follow the interlocutory appeal procedures and obtain a timely certificate of immediate review from the trial court before filing an application. See *Scruggs*, 261 Ga. at 588-589 (1); see also OCGA § 5-6-35 (a) (1) (an appeal from a superior court decision reviewing a lower court decision must be initiated by filing an application for discretionary review). McDaniel-Ivey's failure to follow the interlocutory appeal procedures deprives us of jurisdiction over all three applications. See *Bailey*, 266 Ga. at 833.

Finally, to the extent that McDaniel-Ivey seeks review of superior court rulings in the dispossessory action, the applications in Case Nos. A19D0015 and A19D0016 are untimely. Although an application for discretionary review generally may be filed within thirty days of entry of the order sought to be appealed, see OCGA § 5-6-35 (d), appeals from judgments in dispossessory actions must be filed within seven days of the date the judgment was entered. See OCGA § 44-7-56; Court of Appeals Rule 31 (a); *Radio Sandy Springs, Inc. v. Allen Road Joint Venture*, 311 Ga. App. 334, 335-336 (715 SE2d 752) (2011). The deadlines for filing applications for discretionary

review are jurisdictional, and this Court cannot accept an application not made in compliance with the applicable deadline. See *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). McDaniel-Ivey's applications in Case Nos. A19D0015 and A19D0016 were untimely filed 29 days after entry of the orders she seeks to appeal.

For each of the above reasons, Case Nos. A19D0003, A19D0015 and A19D0016 are hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* <u>08/15/2018</u>
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , *Clerk.*