# Court of Appeals
# of the State of Georgia

ATLANTA,  September 25, 2018

*The Court of Appeals hereby passes the following order:*

## A19D0078. SABRINA JONES-SMITH v. PAMELA STALEY CROCKETT.

Sabrina Jones-Smith filed a dispossessory action in magistrate court. Tenant Pamela Staley Crockett filed a motion to transfer the case to superior court. Following transfer, on July 30, 2018, the superior court entered an order denying Jones-Smith's dispossessory action and ordering the parties to mediate the remaining issues "prior to the hearing of [Crockett's] Counterclaims." On August 28, 2018, Jones-Smith filed an application for discretionary appeal from this ruling.

Under OCGA § 5-6-35 (a) (1), an application for discretionary appeal is required where litigation begins in magistrate court and reaches the superior court by means of a de novo appeal. By its terms, this provision only applies where the superior court exercises de novo review of the magistrate court's decision. Because this case was transferred from magistrate court, OCGA § 5-6-35 (a) (1) does not apply.

Ordinarily, if a party applies for discretionary review of a directly appealable order, we grant the application under OCGA § 5-6-35 (j). To fall within this general rule, however, the application must be timely as the proper and timely filing of the application is an absolute requirement to confer appellate jurisdiction upon this Court. See *Rowland v. State*, 264 Ga. 872 (452 SE2d 756) (1995). Generally, an application for discretionary appeal may be filed within 30 days of entry of the order or judgment sought to be appealed. See OCGA § 5-6-35 (d). The underlying subject matter of an appeal, however, controls over the relief sought in determining the proper appellate procedure. See *Rebich v. Miles*, 264 Ga. 467, 467- 468 (448 SE2d 192) (1994). The underlying subject matter here is a dispossessory judgment. Under OCGA § 44-7-56,

an appeal from a dispossessory judgment must be filed within seven days of the date the judgment was entered. See *Radio Sandy Springs v. Allen Road Joint Venture*, 311 Ga. App. 334, 334-335 (715 SE2d 752) (2011). Because Jones-Smith filed her application 29 days after the superior court's order was entered, the application is untimely.

Furthermore, the appeal is interlocutory. After mediation, the parties will return to the superior court to litigate Crockett's counterclaims, which renders the case non-final. Thus, Jones-Smith was required to follow the procedures for interlocutory review in order to appeal. See OCGA § 5-6-34 (b); *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991); *Gray v. Springs*, 224 Ga. App. 427, 427 (481 SE2d 3) (1997).

For these reasons, we lack jurisdiction over this application for discretionary appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,*  09/25/2018
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*



_____ *, Clerk.*