# Court of Appeals
# of the State of Georgia

ATLANTA,  February 05, 2019

*The Court of Appeals hereby passes the following order:*

**A19A0829.  DEBRA JOYCE WILSON v. SUNNYLAND COMMUNITY, LLC.**

This case began as a dispossessory proceeding in magistrate court.  Following an adverse ruling, Debra Wilson appealed to the superior court, which denied Wilson's motion for summary judgment and granted summary judgment to appellee Sunnyland Community, LLC, in an order entered on April 30, 2018.  Wilson then filed a motion to "dismiss, vacate, and nullify" the April 30 order, arguing that the order should be dismissed on the ground that the superior court lacked subject matter jurisdiction to enter it.  The superior court denied the motion in an order entered on June 13, 2018.  On June 26, 2018, Wilson filed a notice of appeal directed to the Supreme Court, which transferred the matter to this Court.  Sunnyland Community has filed a motion to dismiss the appeal.

In this Court, Wilson also has filed a motion for accommodations under the Americans with Disabilities Act, 42 USC § 12101 et seq.  That motion is GRANTED in part and DENIED in part.  The motion is GRANTED to the extent that the Clerk of Court is DIRECTED to cause this order to be read to Wilson.  The motion is DENIED in all other respects.

Turning to the substance of Wilson's underlying appeal, we lack jurisdiction for multiple reasons.

First, the superior court's June 13 order is not directly appealable.  Wilson's motion to "dismiss, vacate, and nullify" the April 30 order essentially sought to set aside the April 30 order due to lack of jurisdiction under OCGA § 9-11-60 (d) (1).  See *Planet Ins. Co. v. Ferrell*, 228 Ga. App. 264, 266 (491 SE2d 471) (1997) ("[P]leadings, motions and orders are to be construed according to their substance and

function and not merely as to their nomenclature . . . ."). An appeal from a trial court order denying a § 9-11-60 (d) motion to set aside must be initiated by filing an application for discretionary review. See OCGA § 5-6-35 (a) (8), (b); *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006). In addition, appeals from superior court decisions reviewing lower court decisions by certiorari or de novo proceedings likewise must be initiated via a discretionary application. See OCGA § 5-6-35 (a) (1), (b); *Bullock v. Sand*, 260 Ga. App. 874, 875 (581 SE2d 333) (2003). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Wilson's failure to follow the proper procedure deprives us of jurisdiction over this direct appeal.[1]

Second, while a notice of appeal generally must be filed within 30 days of entry of the order sought to be appealed under OCGA § 5-6-38 (a), the underlying subject matter of an appeal controls over the relief sought in determining the proper appellate procedure. *Radio Sandy Springs, Inc. v. Allen Road Joint Venture*, 311 Ga. App. 334, 335 (715 SE2d 752) (2011). The underlying subject matter here is a dispossessory judgment. See id. Under OCGA § 44-7-56, appeals in dispossessory actions must be filed within seven days of the date the judgment was entered. See *Ray M. Wright, Inc. v. Jones*, 239 Ga. App. 521, 522-523 (521 SE2d 456) (1999). Wilson's June 26 notice of appeal is untimely, as it was filed 13 days after entry of the superior court's June 13 order and 57 days after entry of the April 30 order.

For each of these reasons, Sunnyland Community's motion to dismiss this appeal is GRANTED, and Wilson's appeal is hereby DISMISSED for lack of jurisdiction. Wilson's request for oral argument is DENIED as MOOT. Her "Motion

---

[1] Alternatively, to the extent that Wilson's motion to "dismiss, vacate, and nullify" merely sought reconsideration of the April 30 order, the motion did not extend the time to appeal the April 30 order, and the June 13 order denying that motion is not appealable in its own right. See *Bell v. Cohran*, 244 Ga. App. 510, 510-511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271, 271 (326 SE2d 5) (1985).

to Set Aside" the summary judgment order, filed in this Court on December 3, 2018, and her motions to supplement the record, filed in this Court on January 3, 2019 and January 7, 2019, likewise are DENIED as MOOT.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  02/05/2019*
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*