# Court of Appeals
# of the State of Georgia

ATLANTA,  December 20, 2019

*The Court of Appeals hereby passes the following order:*

**A20D0185, A20D0197.  DENNIS TYRONES v. MARK A. C. ROBINSON, AS TEMPORARY ADMINISTRATOR OF THE ESTATE OF VIOLA TYRONES.**

On October 22, 2019, after issuing a writ of possession in this dispossessory action, the trial court entered an order awarding $40,000 in OCGA § 9-15-14 attorney fees to Mark A. C. Robinson, Temporary Administrator of the Estate of Viola Tyrones.  Dennis Tyrones then filed an application for discretionary appeal on November 21, 2019.  Case No. A20D0185.  The trial court also entered an order denying Dennis Tyrones's motion to vacate the denial of his motion for new trial on November 1, 2019.  Dennis Tyrones filed an application for discretionary appeal from that order on December 2, 2019. Case No. A20D0197.  We, however, lack jurisdiction in both cases.

Ordinarily, an application for discretionary appeal must be filed within 30 days of entry of the order sought to be appealed.  OCGA § 5-6-35 (d).  The underlying subject matter of an appeal, however, controls over the relief sought in determining the proper appellate procedure.  *Singh v. Sterling United, Inc.*, 326 Ga. App. 504, 506-507 (1) (756 SE2d 728) (2014).  Thus, where "the action began and continued as a dispossessory action," an appeal from any judgment in the action is required to be filed within seven days pursuant to OCGA § 44-7-56.  *Radio Sandy Springs, Inc. v. Allen Road Joint Venture*, 311 Ga. App. 334, 335 (715 SE2d 752) (2011) (although the issue of possession had been resolved, the notice of appeal from the trial court's order awarding past due rent was required to be filed within seven days because the case retained its character as a dispossessory action); see also *Ray M. Wright, Inc. v.*

*Jones*, 239 Ga. App. 521, 522 (521 SE2d 456) (1999) (appeal from order confirming arbitration award in dispossessory proceeding was required to be filed within seven days).

This case began and continued as a dispossessory action, with the trial court ultimately entering a writ of possession against Dennis Tyrones and an order for attorney fees.[1]  Therefore, Dennis Tyrones was required to file his applications within seven days of the date the orders were entered.  See OCGA § 44-7-56.  The deadlines for filing applications for discretionary review are jurisdictional, and this Court cannot accept an application not made in compliance with the applicable deadline. See *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989).

Because both of these applications were filed more than seven days after the entry of the orders sought to be appealed, they are untimely.  Accordingly, these applications are DISMISSED.



Court of Appeals of the State of Georgia
    Clerk's Office, Atlanta,  12/20/2019
    *I certify that the above is a true extract from* the minutes of the Court of Appeals of Georgia.
    *Witness my signature and the seal of said court* hereto affixed the day and year last above written.

_____*Stephen E. Castlen*_____ , *Clerk.*

---

[1] In his applications, Dennis Tyrones acknowledges that this case began as a dispossessory action, but asserts it did not remain a dispossessory action after Viola Tyrones died and the conservatorship ended.  However, he has not provided an explanation or any relevant legal authority to support that position.