# Court of Appeals
# of the State of Georgia

ATLANTA,  January 16, 2020

*The Court of Appeals hereby passes the following order:*

**A20A0967.   DENNIS TYRONES v. MARK A. C. ROBINSON, AS TEMPORARY ADMINISTRATOR OF THE ESTATE OF VIOLA TYRONES.**

In this dispossessory action, the trial court entered three orders on October 10, 2019: (i) an order granting a motion to substitute parties and ratifying a prior order to that effect; (ii) a writ of possession in favor of the petitioner; and (iii) judgment in the amount of $30,000 in favor of the petitioner.  On November 1, 2019, the trial court issued an order denying respondent Dennis Tyrones's OCGA § 9-11-60 (d) motion to set aside an unidentified prior judgment.[1]  On November 4, 2019, Tyrones filed this direct appeal, seeking appellate review of: (i) the November 1 order denying his motion to set aside; (ii) each of the October 10 orders; (iii) a February 2019 order denying Tyrones's motion for a new trial; and (iv) two orders entered in 2018.  We lack jurisdiction for multiple reasons.

First, an appeal from a trial court order denying a § 9-11-60 (d) motion to set aside must be initiated by filing an application for discretionary review.  See OCGA § 5-6-35 (a) (8), (b); *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006).  "Compliance with the discretionary appeals procedure is jurisdictional."  *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996).  Tyrones's failure to follow the proper procedure deprives us of

---

[1] No written motion to set aside appears in the current record on appeal.  In an October 22, 2019 filing in the trial court, Tyrones asserted that he orally moved to set aside an otherwise unidentified "Final Order" during a hearing on October 9, 2019.

jurisdiction over this direct appeal from the November 1 order denying his motion to set aside.[2]

Second, while a notice of appeal generally may be filed within 30 days of entry of the order sought to be appealed, appeals in dispossessory actions must be filed within 7 days of the date the judgment was entered. See OCGA § 44-7-56; *Radio Sandy Springs, Inc. v. Allen Road Joint Venture*, 311 Ga. App. 334, 335-336 (715 SE2d 752) (2011). Tyrones untimely filed his notice of appeal 25 days after entry of the October 10 orders, thereby depriving us of jurisdiction over his appeal from those orders and any prior orders.

For each of the above reasons, this direct appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,   01/16/2020          *
      *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[2] We previously dismissed as untimely Tyrones's December 2, 2019 application for discretionary review of the November 1 order. See *Tyrones v. Robinson*, No. A20D0197 (Dec. 20, 2019); see also OCGA § 44-7-56; *Radio Sandy Springs, Inc. v. Allen Road Joint Venture*, 311 Ga. App. 334, 335-336 (715 SE2d 752) (2011).