# Court of Appeals
# of the State of Georgia

ATLANTA,  September 29, 2020

*The Court of Appeals hereby passes the following order:*

## A21A0244. LINDA PRITCHETT et al. v. LHF 4 ASSETS, LLC et al.

This dispossessory action has a complicated procedural history. According to the record, plaintiff LHF 4 Assets, LLC, Main Street Renewal, LLC filed the dispossessory case against Linda Pritchett and Dakota Stringer in magistrate court. The case was transferred to the superior court due to a pending wrongful foreclosure action. Following the transfer, the plaintiff filed a motion for reasonable rent. The superior court issued an order, which it subsequently amended on January 31, 2020, requiring Pritchett and Stringer to pay both back rent and monthly rent from the date of the order into the registry of the court pending resolution of the case. On February 20, 2020, Pritchett and Stringer simultaneously filed a pro se notice of appeal and a pro se motion for new trial from the January 31 order.

On April 29, 2020, the superior court issued an order noting that Pritchett and Stringer had failed to pay any amount into the registry of the court, stating that it retained jurisdiction due to the filing of the motion for new trial, and ordering Pritchett and Stringer to pay $40,000 in back rent as a supersedeas bond to proceed with their motion for new trial. When Pritchett and Stringer again failed to pay any amount into the court registry, the superior court entered a writ of possession in favor of the plaintiff. This order was signed on May 13, 2020, but entered on May 20, 2020. On August 27, 2020, Pritchett and Stringer filed a pro se amended notice of appeal from the superior court's January and May orders. We lack jurisdiction.

There are two notices of appeal included in the record. The first is a February 20, 2020 notice of appeal from the superior court's January 31 order requiring

Pritchett and Stringer to pay back rent and monthly rent into the registry of the court pending the dispossessory action. Pretermitting whether this notice of appeal was timely filed and whether the notice of appeal was effective since Pritchett and Stringer simultaneously filed a motion for new trial from the order, a direct appeal is not authorized from the January 31 order.[1] Due to the nature of the order, an interlocutory application was required to appeal the court's January 31 order requiring rent be paid into the court registry. Where, as here, the order is a non-final order and the case remains pending in the superior court, the party must follow the interlocutory appeal procedure set forth in OCGA § 5-6-34 (b), including obtaining a certificate of immediate review from the superior court. See *Rivera v. Housing Auth. of Fulton County*, 163 Ga. App. 648, 648 (295 SE2d 336) (1982). Pritchett and Stringer's failure to follow the appropriate procedure deprives us of jurisdiction to consider their February 20 direct appeal from the January 31 court order.

The second notice of appeal was filed on August 27, 2020 and seeks to appeal from the superior court's January and May orders. While a notice of appeal generally may be filed within 30 days of entry of the order sought to be appealed, appeals in dispossessory actions must be filed within 7 days after entry of the order at issue. See OCGA § 44-7-56; *Radio Sandy Springs, Inc. v. Allen Road Joint Venture*, 311 Ga. App. 334, 335-336 (715 SE2d 752) (2011). Consequently, Pritchett and Stringer's August 27 notice of appeal, filed 99 days after the superior court's May 20 order was entered and 44 days beyond the reimposition of deadlines under the Fourth Order Extending Declaration of Statewide Judicial Emergency (July 10, 2020),[2] is untimely.

---

[1] Although the notice of appeal indicates that an application for discretionary appeal had been granted by this Court, our Court records indicate that no such application was ever filed.

[2] This Order "reimposes all deadlines and other time schedules and filing requirements that are imposed on litigants by statutes, rules, regulations, or court orders . . ." effective July 14, 2020. Fourth Order Extending Declaration of Statewide Judicial Emergency (II) (A) (2) (July 10, 2020). Thus, Pritchett and Stringer were required to file any appeal or application for appeal within 7 days of July 14, 2020.

For these reasons, we lack jurisdiction to consider Pritchett and Stringer's direct appeal, which is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
   *Clerk's Office,*
*Atlanta,* *09/29/2020*
   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*



                , *Clerk.*