# Court of Appeals
# of the State of Georgia

ATLANTA,  July 20, 2021

*The Court of Appeals hereby passes the following order:*

**A21A1594. MAURICE EARKET v. U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST.**

This case began as a dispossessory action in magistrate court. It subsequently was transferred to superior court. Following the transfer, U. S. Bank Trust, N. A. ("the Bank") filed a motion for summary judgment. On January 14, 2020, the superior court granted the Bank's motion and issued a writ of possession in its favor. Thereafter, appellant Maurice Earket moved to set aside the summary judgment order. His motion was denied on September 17, 2020. Earket then sought reconsideration of the order denying the motion to set aside. On March 26, 2021, the superior court denied reconsideration of its decision. On April 22, 2021, Earket filed this direct appeal. We, however, lack jurisdiction for multiple reasons.

First, the denial of a motion for reconsideration of a final judgment is not an appealable ruling. See *Cornelius v. Morris Brown College*, 299 Ga. App. 83, 85 (1) n.1 (681 SE2d 730) (2009). Consequently, an appeal from the March 26 order is not available.

Second, the superior court's order denying the motion to set aside is not directly appealable. An appeal from an order denying relief under OCGA § 9-11-60 (d) must be initiated by filing a timely application for discretionary review. See OCGA § 5-6-35 (a) (8), (b); OCGA § 44-7-56; *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Earket's failure to follow the proper procedure deprives us of jurisdiction over this direct appeal.

Lastly, the only directly appealable order is the January 14 summary judgment order. Under OCGA § 44-7-56, appeals in dispossessory actions must be filed within seven days of the date the judgment was entered. And it is well settled that a motion for reconsideration does not extend the time for filing a notice of appeal. See *Bell v. Cohran*, 244 Ga. App. 510, 510 (536 SE2d 187) (2000); *Cheeley-Towns v. Rapid Group*, 212 Ga. App. 183, 183 (1) (441 SE2d 452) (1994). "The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court." *Radio Sandy Springs, Inc. v. Allen Rd. Joint Venture*, 311 Ga. App. 334, 336 (715 SE2d 752) (2011). Because Earket's notice of appeal was filed 464 days after the summary judgment order was entered, it was untimely. This Court therefore lacks jurisdiction to consider the appeal. See id. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 07/20/2021
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



, *Clerk.*