**FIFTH DIVISION**
**McFADDEN, P. J.,**
**GOBEIL AND PINSON, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**March 3, 2022**

# In the Court of Appeals of Georgia

A22A0315. YANES v. ESCOBAR.

MCFADDEN, Presiding Judge.

This appeal must be dismissed because it is subject to the discretionary appeal procedure and also because it is subject to the shortened appeal deadline for dispossessory actions.

In November 2019, Maria de Escobar filed a complaint for divorce in the superior court against her husband, Noe Orlando Escobar-Velasquez. Among other things, the complaint alleged that Escobar was entitled to the exclusive use and ownership of the marital residence. In December 2019, Sabino Yanes—who allegedly purchased the residence from Escobar's husband—filed a dispossessory action in magistrate court against Escobar. Escobar filed an answer, counterclaim, and motion to transfer the dispossessory case to superior court, claiming her husband had

fraudulently transferred the marital residence to Yanes, his former brother-in-law. The magistrate court transferred the dispossessory case to superior court. Yanes then filed an emergency motion for injunctive relief, seeking Escobar's removal from the premises.

On January 24, 2021, the superior court entered three separate orders that (1) denied Yanes's motion for injunctive relief, (2) added Yanes as an indispensable party in the divorce case, and (3) joined the dispossessory and divorce cases in a single action. On February 22, 2021, Yanes filed notices of direct appeal from all three rulings. We lack jurisdiction.

"Generally, an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court." *State v. White*, 354 Ga. App. 214, 215 (840 SE2d 697) (2020) (punctuation omitted); see also OCGA § 5-6-34 (a) (1). Here, the case remains pending below, as the superior court has issued no final ruling.

One of the orders Yanes wishes to appeal is the denial of his motion for an interlocutory injunction. OCGA § 5-6-34 (a) (4) generally permits a direct appeal in such circumstances. And when a proper direct appeal is taken, other orders in the case

may be considered on appeal, regardless of whether such orders would be subject to direct appeal on their own. OCGA § 5-6-34 (d). Thus, if Yanes's direct appeal from the order denying his interlocutory injunction is proper, then we have jurisdiction to entertain this appeal. We find the direct appeal improper for two reasons.

First, under OCGA § 5-6-35 (a) (2), an application for discretionary appeal is required to appeal rulings in domestic relations cases. Because the dispossessory issue has been joined with Escobar's divorce action, the case is properly characterized as a domestic relations case. See *Russo v. Manning*, 252 Ga. 155, 155 (312 SE2d 319) (1984) (where the issues appealed either arise from or are ancillary to divorce proceedings, the appeal falls within the ambit of the discretionary appeal statute). "Compliance with the discretionary appeals procedure is jurisdictional." *Fabe v. Floyd*, 199 Ga. App. 322, 332 (1) (405 SE2d 265) (1991). Yanes's failure to follow the discretionary appeals procedure deprives us of jurisdiction over this direct appeal.

Second, even if we treated the order denying Yanes's request for injunctive relief as arising from a dispossessory action, rather than a domestic relations case, we would still lack jurisdiction. While a notice of appeal generally may be filed within thirty days of entry of the order sought to be appealed, appeals in dispossessory actions must be filed within seven days of the date the judgment was entered. See

3

OCGA § 44-7-56; *Radio Sandy Springs v. Allen Road Joint Venture*, 311 Ga. App. 334, 335-336 (715 SE2d 752) (2011). "The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court." *Radio Sandy Springs*, 311 Ga. App. at 336 (punctuation omitted). Yanes's notice of appeal, filed 29 days after entry of the superior court's order denying his motion for injunctive relief, was not a timely notice of appeal in a dispossessory case.

*Appeal dismissed. Gobeil and Pinson, JJ., concur*.