# Court of Appeals
# of the State of Georgia

ATLANTA,  May 13, 2025

*The Court of Appeals hereby passes the following order:*

## A25A1680. LEAH BAKER v. HIGH POINTE RESIDENTIAL, LLC.

High Pointe Residential, LLC ("High Pointe") brought this dispossessory action against Leah Baker seeking a writ of possession for premises leased to Baker and payment of rent due under that lease. Claiming that the premises were infected with mold, Baker counterclaimed for personal injury and damage to her personal property. The parties reached an agreement as to mold remediation on Baker's personal property and her return of the premises to High Pointe. The case then proceeded to a bench trial on High Pointe's claim for back rent and on Baker's counterclaims, and the trial court found in favor of High Pointe on all claims. On September 16, 2024, the court entered an order of judgment awarding High Pointe damages of approximately $30,000. Baker filed this direct appeal on October 15, 2024. We lack jurisdiction because the appeal in untimely.

The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon this Court. *Yanes v. Escobar*, 362 Ga. App. 896, 898 (870 SE2d 506) (2022). While a notice of appeal generally may be filed within 30 days of entry of the order sought to be appealed, appeals in dispossessory actions must be filed within seven days of the date the judgment was entered. See OCGA § 44-7-56 (b) (1); *Radio Sandy Springs v. Allen Road Joint Venture*, 311 Ga. App. 334, 335-336 (715 SE2d 752) (2011). Here, although the issue of possession had been resolved by the time the case went to trial, "it is the underlying subject matter of the litigation, rather than the relief granted, which controls in determining the proper appellate procedure to follow." *Radio Sandy Springs*, 311 Ga. App. at 335. Thus, because "this action . . .

began as and remain[ed] a dispossessory action," the seven-day time limit for filing a notice of appeal applied. *Stubbs v. Local Homes, LLC*, ____ Ga. App. ____ (Case No. A25A0036) (Apr. 22, 2025). See also *Radio Sandy Springs*, 311 Ga. App. at 334-336 (where the action began and continued as a dispossessory action, the seven-day time limit of OCGA § 44-7-56 applied); *Ray M. Wright, Inc. v. Jones*, 239 Ga. App. 521, 523 (521 SE2d 456) (1999) (the seven-day time limit of OCGA § 44-7-56 applied where the action began as and remained a dispossessory proceeding, as evidenced by the parties' continued reliance on the provisions of the dispossessory statutes, including those pertaining to the payment of back rent).

Baker's failure to file her notice of appeal until 29 days after entry of the judgment deprives us of jurisdiction to consider this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* ___05/13/2025_____

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*