# Court of Appeals
# of the State of Georgia

ATLANTA,  August 05, 2025

*The Court of Appeals hereby passes the following order:*

**A25D0491. EARL CLAITT v. STAR 2022-SFR3 BORROWER LP et al.**

In this dispossessory action, the magistrate court entered a consent judgment between Earl Claitt and Star 2022-SFR3 Borrower LP on May 12, 2025. On July 10, 2025, Claitt filed this application for discretionary appeal seeking review of that order. We, however, lack jurisdiction.

"[T]he only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41 (b) (1), which allows for a de novo appeal to the state or superior court." See *Tate v. Habif*, 367 Ga. App. 435, 438-439 (2) (886 SE2d 389) (2023) (punctuation omitted). Where an application for discretionary appeal represents an attempt to appeal a magistrate order, this Court will occasionally transfer that application to the magistrate court with direction to send the appeal to state or superior court. See Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII ("[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere"); OCGA § 5-3-4 (a) (granting superior and state courts appellate jurisdiction over final judgments of lower judicatories). Like this Court, however, the state and superior courts have appellate jurisdiction only where an appeal is filed within the time prescribed by statute. See OCGA § 5-3-7. See also *Radio Sandy Springs v. Allen Road Joint Venture*, 311 Ga. App. 334, 336 (715 SE2d 752) (2011) ("The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court.") (citation and punctuation omitted). Appeals in dispossessory actions must be filed within seven days of the date the judgment was entered. See OCGA § 44-7-56 (b) (1); *Stubbs v. Local Homes*, 375 Ga.

App. 513, 516 (915 SE2d 91) (2025); *Radio Sandy Springs*, 311 Ga. App. at 335-336. Here, Claitt's application is untimely because it was filed 59 days following entry of the magistrate court's order.

Additionally, Claitt cannot attack the magistrate court's order because he consented to the judgment. See *Hurt v. Norwest Mtg.*, 260 Ga. App. 651, 656 (1) (c) (580 SE2d 580) (2003) ("[N]o litigant will be heard to complain of an order or judgment of the court which he procures or assists in procuring, unless it be made plainly to appear that the consent of the party seeking to complain was obtained by fraud or mistake.") (punctuation omitted).

Thus, we decline to transfer this case back to magistrate court with direction to send the case to state or superior court. Rather, the application is hereby DISMISSED.



Court of Appeals of the State of Georgia
  Clerk's Office, Atlanta,___08/05/2025_____

   I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

   Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.