# Court of Appeals
# of the State of Georgia

ATLANTA, <u>October 27, 2025</u>

*The Court of Appeals hereby passes the following order:*

## A26D0137. KEVIN CATES v. PJX S14.4, LLC.

PJX S14.4, LLC ("PJX") filed a dispossessory action against Kevin Cates in magistrate court. Following an adverse judgment in magistrate court, Cates filed a petition in superior court seeking review of the magistrate court's judgment. On September 9, 2025, the superior court issued a final order dismissing Cates's petition, awarding PJX a writ of possession, and issuing a bill of peace in favor of PJX. On September 19, 2025, Cates filed a notice of appeal of the final order. On October 2, 2025, the superior court issued an order requiring Cates to post a supersedeas bond. On October 11, 2025, Cates filed this application for discretionary review of the supersedeas bond order. We lack jurisdiction.

Appeals in dispossessory actions, including applications for discretionary review, must be filed within seven days of the date the judgment was entered. See OCGA § 44-7-56 (b) (1); *Stubbs v. Local Homes, LLC*, 375 Ga. App. 513, 516–17 (915 SE2d 91) (2025); *Radio Sandy Springs v. Allen Road Joint Venture*, 311 Ga. App. 334, 335-336 (715 SE2d 752) (2011). The deadlines for filing applications for discretionary review are jurisdictional, and this Court cannot accept an application not made in compliance with the applicable deadline. See *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). The instant application is untimely because it was filed nine days after entry of the supersedeas bond order.

For the foregoing reasons, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,___10/27/2025_____*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*