# Court of Appeals
# of the State of Georgia

ATLANTA,  November 19, 2025

*The Court of Appeals hereby passes the following order:*

**A26D0157. LUIS POLANCO v. 14TH PEACHTREE APARTMENTS HOLDING, LLC d/b/a BOZZUTO.**

On October 11, 2025, the state court entered judgment in favor of 14th Peachtree Apartments Holding, LLC d/b/a Bozzuto and against Luis Polanco in this dispossessory action. On October 21, 2025, Polanco filed this application for discretionary review. We lack jurisdiction.

Appeals in dispossessory actions, whether by direct appeal or application for discretionary review, must be filed within seven days of the date the judgment was entered. See OCGA § 44-7-56(b)(1); *Stubbs v. Local Homes, LLC*, 375 Ga. App. 513, 516–17 (915 SE2d 91) (2025); *Radio Sandy Springs v. Allen Road Joint Venture*, 311 Ga. App. 334, 335–36 (715 SE2d 752) (2011). The deadlines for filing notices of appeal and applications for discretionary review are jurisdictional. See *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). The instant application is untimely because it was filed 10 days after entry of the state court's judgment.

Furthermore, in his application, Polanco asks this Court to issue a writ of prohibition. Georgia's appellate courts have jurisdiction to issue writs of mandamus and prohibition,[1] but as our Supreme Court recently explained, "it will be an

---

[1] See generally OCGA § 9-6-40 ("The writ of prohibition is the counterpart of mandamus, to restrain subordinate courts and inferior judicial tribunals from exceeding their jurisdiction where no other legal remedy or relief is given. The granting or refusal thereof is governed by the same principles of right, necessity, and justice as apply to mandamus[.]").

'extremely rare' circumstance that would require a party to seek a writ of mandamus [or prohibition] in [an appellate court] in the first instance, given that superior court judges have the power to issue process in the nature of mandamus [or prohibition] against other superior court judges or trial court officials." *Arnold v. Alexander*, 321 Ga. 330, 335 (1) n.6 (914 SE2d 311) (2025). Rather, the procedure to be followed before seeking to invoke this Court's original jurisdiction is to file the petition in the appropriate lower court first. Id. This is not one of the extremely rare instances in which this Court will exercise its original jurisdiction. As there is no indication Polanco petitioned the superior court for a writ of prohibition, there is no basis for this Court to exercise its jurisdiction. Accordingly, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta,*___11/19/2025_____

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*