# Court of Appeals
# of the State of Georgia

ATLANTA, March 13, 2026

*The Court of Appeals hereby passes the following order:*

### A26D0387. TIJONNA HOLMES v. GA IVY COMMONS, LLC D/B/A IVY COMMONS.

GA Ivy Commons, LLC d/b/a Ivy Commons ("Landlord") filed this dispossessory action in the Magistrate Court of Cobb County seeking past-due rent and a writ of possession for premises leased to Tijonna Holmes. On January 16, 2026, the magistrate court entered a consent judgment in favor of Landlord, granting it a writ of possession and $6,938.76 in past-due rent. On March 2, 2026, Holmes filed this application for discretionary review of the magistrate court's order. We lack jurisdiction.

The only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41 (b), which allows for a de novo appeal to the state or superior court. See *Tate v. Habif*, 367 Ga. App. 435, 438-39(2) (886 SE2d 389) (2023) (citation and punctuation omitted). Where an application for discretionary appeal represents an attempt to appeal a magistrate order, this Court will occasionally transfer that application to the magistrate court with direction to send the appeal to state or superior court. See Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII ("[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere"); OCGA § 5-3-4(a) (granting superior and state courts appellate jurisdiction over final judgments of lower judicatories). Under the circumstances of this case, however, a transfer is inappropriate for at least two reasons.

First, like this Court, the state and superior courts have appellate jurisdiction

only where an appeal is filed within the time prescribed by statute. See OCGA § 5-3-7. See also *Radio Sandy Springs v. Allen Road Joint Venture*, 311 Ga. App. 334, 336 (715 SE2d 752) (2011) ("The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court.") (citation and punctuation omitted). While an appeal from magistrate court generally may be filed within 30 days of entry of the order sought to be appealed, see OCGA § 5-3-7, appeals in dispossessory actions must be filed within seven days of the date the judgment was entered. See OCGA § 44-7-56(b)(1); *Stubbs v. Local Homes, LLC*, 375 Ga. App. 513, 516 (915 SE2d 91) (2025); *Radio Sandy Springs*, 311 Ga. App. at 335-36. Here, Holmes's application was filed 45 days following entry of the magistrate court's order. Given that fact, Holmes has lost her right of appeal.

Second, even if Holmes's application were timely, she waived her appellate rights by consenting to the underlying judgment. See *Hurt v. Norwest Mtg., Inc.*, 260 Ga. App. 651, 656(1)(c) (580 SE2d 580) (2003) ("[N]o litigant will be heard to complain of an order or judgment of the court which [s]he procures or assists in procuring, unless it be made plainly to appear that the consent of the party seeking to complain was obtained by fraud or mistake.") (punctuation omitted). Accordingly, we decline to transfer this case back to the magistrate court with direction to send the appeal to state or superior court, and this application is DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,  03/13/2026*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , Clerk.