# Court of Appeals
# of the State of Georgia

ATLANTA,  May 26, 2026

*The Court of Appeals hereby passes the following order:*

### A26D0497. DANTE BELL v. CH REALTY X-PENIER MF ATLANTA ELEVEN 85, LLC d/b/a ELEVEN 85.

CH Realty X-Penier MF Atlanta Eleven 85, LLC d/b/a Eleven 85 ("Landlord") filed this dispossessory action in the Magistrate Court of Fulton County seeking past-due rent and a writ of possession for premises leased to Dante Bell. After Bell failed to pay rent into the court's registry, the magistrate court entered judgment in favor of Landlord on April 23, 2026 and granted it a writ of possession to be executed on or after April 30, 2026. On May 4, 2026, Bell filed this application for discretionary review of the magistrate court's order. We lack jurisdiction.

"The only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41(b)(1), which allows for a de novo appeal to the state or superior court." See *Tate v. Habif*, 367 Ga. App. 435, 438-439(2) (886 SE2d 389) (2023) (citation and punctuation omitted). Where an application for discretionary appeal represents an attempt to appeal a magistrate order, this Court will occasionally transfer that  application to the magistrate court with direction to send the appeal to state or superior court. See Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII ("[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or  venue lies elsewhere"); OCGA § 5-3-4(a) (granting superior and state courts appellate jurisdiction over final judgments of lower judicatories). Like this Court, however, the state and superior courts have appellate jurisdiction only where an appeal is filed within the time prescribed by statute. See OCGA § 5-3-7. See also *Radio Sandy Springs v. Allen Road Joint Venture*, 311 Ga. App. 334, 336 (715 SE2d 752)

(2011) ("The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court.") (citation and punctuation omitted). While an appeal from magistrate court generally may be filed within 30 days of entry of the order sought to be appealed, see OCGA § 5-3-7, appeals in dispossessory actions must be filed within seven days of the date the judgment was entered. See OCGA § 44-7-56 (b) (1); *Stubbs v. Local Homes, LLC*, 375 Ga. App. 513, 516 (915 SE2d91) (2025); *Radio Sandy Springs*, 311 Ga. App. at 335-336. Here, Bell's application was filed 11 days following entry of the magistrate court's order. Given that fact, Bell has lost his right of appeal. Accordingly, we decline to transfer this case back to the magistrate court with direction to send the appeal to state or superior court, and this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __05/26/2026_____

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*