# Court of Appeals
# of the State of Georgia

ATLANTA, June 02, 2026

*The Court of Appeals hereby passes the following order:*

**A26D0511. SHYRA CHANEY v. WCV POINTE CH TENANT, LLC d/b/a WILLOWEST IN COLLIER HILLS.**

WCV Pointe CH Tenant, LLC d/b/a/ Willowest in Collier Hills ("WCV") filed this dispossessory action in the Magistrate Court of Fulton County seeking past-due rent and a writ of possession for premises leased to Shyra Chaney. The magistrate court issued judgment in favor of WCV and, on April 28, 2026, granted WCV a writ of possession. On May 7, 2026, Chaney filed this application for discretionary review of the magistrate court's order. We lack jurisdiction.

"The only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41(b)(1), which allows for a de novo appeal to the state or superior court." See *Tate v. Habif*, 367 Ga. App. 435, 438-439(2) (886 SE2d 389) (2023) (citation and punctuation omitted). Where an application for discretionary appeal represents an attempt to appeal a magistrate court order, this Court will occasionally transfer that application to the magistrate court with direction to send the appeal to state or superior court. See Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII ("[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere"); OCGA § 5-3-4(a) (granting superior and state courts appellate jurisdiction over final judgments of lower judicatories). Like this Court, however, the state and superior courts have appellate jurisdiction only where an appeal is filed within the time prescribed by statute. See OCGA § 5-3-7. See also *Radio Sandy Springs v. Allen Road Joint Venture*, 311 Ga. App. 334, 336 (715 SE2d 752) (2011) ("The proper and timely filing of a notice of appeal is

an absolute requirement to confer jurisdiction upon the appellate court.") (citation and punctuation omitted). While an appeal from magistrate court generally may be filed within 30 days of entry of the order sought to be appealed, see OCGA § 5-3-7, appeals in dispossessory actions must be filed within seven days of the date the judgment was entered. See OCGA § 44-7-56(b)(1); *Stubbs v. Local Homes, LLC*, 375 Ga. App. 513, 516 (915 SE2d 91) (2025); *Radio Sandy Springs*, 311 Ga. App. at 335-336. Here, Chaney's application was filed nine days following entry of the magistrate court's order granting a writ of possession.[1] Given that fact, Chaney has lost her right of appeal. Accordingly, we decline to transfer this case back to the magistrate court with direction to send the appeal to state or superior court, and this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __06/02/2026__

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[1] The writ of possession submitted by Chaney bears a signature date of April 28, 2026, but it does not contain a file-stamp from the magistrate court's clerk's office. Under Court of Appeals Rule 31(c), discretionary applications "must contain a stamped 'filed' copy of the trial court's order or judgment from which the appeal is sought." On May 8, 2026, this Court ordered Chaney to submit a stamped "filed" copy of the magistrate court's order within ten days and warned her that failure to do so would result in the dismissal of her application. As of today, Chaney still has not submitted the required order. Her failure to comply with our May 8 Order presents an independent basis for dismissing this application.